**Sadie J. McDANIEL**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare.**

**Civ. No. 11672.**

United States District Court
D. Maryland.
Jan. 25, 1961.

Jacob Matz, Baltimore, Md., for plaintiff.

Leon H. A. Pierson, U. S. Atty., and Carl J. Lorenz, Jr., Asst. U. S. Atty., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

The question before the Referee in this case was whether the plaintiff during a period beginning before June 30, 1957, and lasting until after June 30, 1958, was unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *." Sec. 216(i) of the Social Security Act, 42 U.S. C.A. § 416(i). The Referee found that she was not so disabled and, therefore, under the facts and the law was not entitled to disability benefits. The plaintiff's request to review the Referee's decision was denied by the Appeals Council, and the complaint in this case was timely filed.

The plaintiff contends that she was disabled during the critical period by a heart condition, which has been diagnosed by various doctors as angina and coronary insufficiency. She was hospitalized by reason of her symptoms in 1955, and was apparently taking medicine for her heart condition in 1957.

It appears that the Referee relied principally upon the opinion of Dr. Scherlis, to whom the plaintiff was referred for an examination at the time of the hearing in 1958, upon the testimony of the plaintiff and her husband as to what she did around the house, and upon the Referee's resolution of the conflict between the testimony of the plaintiff and one of the statements attributed to her in the report of Dr. Scherlis.

Her own physician, Dr. Wallenstein, placed the plaintiff in Class II–B of the Functional and Therapeutic Classification of the American Heart Association. Class II, Functional Capacity, is comprised of: "Patients with cardiac disease resulting in slight limitation of physical activity. They are comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea or anginal pain." Class B, Therapeutic Classification, is comprised of: "Patients with cardiac disease whose ordinary physical activity need not be restricted, but who should be advised against severe or competitive physical efforts".

The report of Dr. Scherlis included an electrocardiogram, which he read as being "Within normal limits". He also placed the plaintiff in Class II, Functional Capacity, but did not give her a therapeutic classification. His report indicates that he thought some or all of plaintiff's symptoms might have been caused by a spastic bowel or a gall bladder condition. In the transcript of record I find only one report of a barium enema, which was "negative", and no report of a gall bladder x-ray. When the plaintiff was first admitted to the Sinai Hospital in 1955, the initial "Impression" included "Peptic Ulcer" and "Possible cholecystitis, chronic in nature", as well as "Possible Angina Pectoris". A peptic ulcer was ruled out by x-ray, and the possible cholecystitis (inflammation of the gall bladder) was not included in the final diagnosis, which was: "1) Coronary artery disease with coronary insufficiency, well compensated, NSR. 2) Healed tuberculosis, left upper lobe. 3) Healed fracture of the right hip with a Smith-Peterson nail in place."

After the denial of review by the Appeals Council, plaintiff consulted an attorney, and further examinations were held at the Sinai Hospital. The results of those examinations are included in several affidavits which the plaintiff's attorney asks the court to consider on this appeal. Briefly, they show that a gall bladder x-ray was reported as "normal" and that three electrocardiograms were taken, two of which were read by Dr. Akman as "Abnormal record. Chronic coronary insufficiency". One was read by Dr. Scherlis as "Abnormal record. Myocardial disease, not localized and/or digitalis effect".

This additional evidence, not in the record before the Referee, should not be considered by this court in determining whether the conclusions of the Referee are supported by the findings and whether the findings are supported by substantial evidence on the record considered as a whole. But it should be and is treated by this court as good cause shown for remanding the case to the Secretary so that he may secure another report from Dr. Scherlis in which the doctor may consider his conclusion in the light of the additional information obtained in the recent Sinai admission, as well as his

earlier information, and so that the Secretary may take such testimony or other additional evidence as he may deem proper. In view of the fact that the plaintiff is evidently not qualified educationally for office work and both doctors found that "Ordinary physical activity results in fatigue, palpitation, dyspnea or anginal pain", by placing her in Class II, the Referee should specify what types of work he feels the plaintiff was mentally and physically capable of performing during the critical period.

For the foregoing reasons, the case is hereby remanded to the Secretary for the taking of additional evidence.