**Luther C. COLLINS, Plaintiff,**

**v.**

**Robert H. FINCH, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 2370.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 29, 1970.

Kyle K. King, Clyde Russell, Greeneville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for judicial review of the decision of the defendant administrator, denying the plaintiff's application for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423. The defendant has moved for summary judgment, Rule 56(b), Federal Rules of Civil Procedure. The issue is

whether there is substantial evidence in the record to support the final decision of the Secretary that the plaintiff was not entitled to a period of disability or disability benefits under the Act. The plaintiff will continue to meet the special earnings requirements for disability purposes at least until December 31, 1971.

The plaintiff filed application for a period of disability and for disability benefits on August 23, 1967, alleging that he became unable to work on April 7, 1967. This application was denied on December 19, 1967, and on its reconsideration on June 20, 1968. A hearing was held and on November 26, 1968, the hearing examiner found that the plaintiff was not entitled to a period of disability or disability insurance benefits. This decision became the final decision of the defendant administrator on February 27, 1969, when the Appeals Council denied plaintiff's request for review.

The hearing examiner found, *inter alia*, " * * * That claimant suffers from arteriosclerotic heart disease and an anxiety reaction which are responsible for symptoms which place him in [f]unctional and [t]herapeutic [c]lassification II-B under the system of classification of the American Heart Association. * * * [and] * * * That claimant's impairments are not of such severity as to preclude his engaging in substantial gainful employment; and specifically from performing the jobs described by the vocational expert * * * * ". He arrived at such findings after an extensive review of the medical evidence before him. As stated by said examiner:

> The claimant in this case has been examined and evaluated by a host of highly competent physicians. * * * Claimant's significant impairments would appear to be a possible coronary artery disease with anginal symptoms and an emotional impairment. * * * There is no question that claimant experiences symptoms suggestive of arteriosclerotic heart disease. * * * All of the doctors acknowledge that

there is a considerable element of functional overlay with respect to the claimant's chest symptoms. * * *
* * *

The disagreement among the various physicians with respect to the extent to which claimant's heart problem is functional or organic in nature can best be brought into focus by referring to Dr. Reeder's evaluation. While noting that claimant's heart disease is by history only in this case and is unconfirmed by clinical findings, based on that history alone Dr. Reeder proceeds to assign functional and therapeutic classification of II-B. The American Heart Association's classification system shows Class II patients to be those 'with cardiac disease resulting in slight limitation of physical activity. They are comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea or anginal pain.' Class B therapeutic classification applies to patients with 'cardiac disease whose ordinary physical activity need not be restricted but who should be advised against severe or competitive physical efforts.' Thus, even if one were to disagree [with] the feeling of the majority of the examiners that claimant's chest complaints are predominately psychogenic in origin, it can be seen that this impairment cannot be considered sufficiently severe in and of itself to bar claimant's participation in all gainful work.

Dr. William H. Reeder, a specialist in internal medicine, reported on October 30, 1967, that he had examined the plaintiff and diagnosed arteriosclerotic heart disease, functional therapeutic classification 2-B, by history only. In evaluating the plaintiff's electrocardiogram, Dr. Reeder found: " * * * Normal EKG, resting. * * * [and] * * * Negative masters EKG. * * * "

In his present action for judicial review, the plaintiff has filed a supplemental medical report that is outside of the record considered by the defendant administrator. It is a letter from the

plaintiff's personal physician, Dr. Nathan A. Ridgeway, an internist, to the Social Security office which states,

> At my request, Mr. L. C. Collins, underwent coronary arteriographic study at Cleveland Clinic, Cleveland, Ohio, on May 25th. It was found that he had extensive coronary artery disease. The physicians at Cleveland Clinic recommended that he have surgery to improve blood flow to his heart muscles, * * *. Mr. Collins has had numerous normal Electrocardiograms and negative Master's exercise cardiograms * * *. It is known that the electrocardiogram may not be positive even when coronary heart disease is present. In Mr. Collins' case, coronary arteriography was required to show his disease. Coronary arteriography of course, is a final and most definitive test and the most reliable. Thus, we now have definite proof of Mr. Collins' extensive coronary artery disease and I would like to have his Social Security claim reopened.

This additional evidence, not in the record before the hearing examiner, might or might not lead the examiner to a different finding of fact, and of course cannot be considered by this Court in determining whether such findings are supported by substantial evidence. However, as was stated in the case of Sweeney v. Gardner, D.C.Mass. (1967), 277 F.Supp. 622, 627 [7]:

> Although the court is limited to the record in determining whether the findings of the Secretary are supported by substantial evidence, extraneous matters may be considered in determining whether to remand "on good cause shown." McDaniel v. Flemming, D.Md., 1961, 190 F.Supp. 270. It has been said that in determining whether good cause has been shown under * * * [42 U.S.C. § 405 (g)], "courts must not require such a technical and cogent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute." Blanscet v. Ribicoff, W.D.Ark., 1962, 201 F.Supp. 257, 265, quoted in Sage v. Celebrezze, W.D.Va., 1965, 246 F.Supp. 285, 288. * * *

Clearly the confirmed clinical finding of extensive coronary artery disease is a matter which has an extensive bearing on the opinions and findings of all the highly competent physicians who have examined the plaintiff. It is highly conceivable that Dr. Reeder's diagnosis would not have placed the plaintiff in class 2-B of the functional and therapeutic classification of the American Heart Association had he had such clinical results before him.

The defendant's motion for summary judgment is therefore, denied, and, pursuant to 42 U.S.C. § 405(g), this case is remanded to the Secretary so that he may reopen the record in order to make such further findings as are suggested herein or may otherwise become necessary.