**Georgina Hernandez RODRIGUEZ, Plaintiff,**

v.

**Elliott RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 134–71.**

United States District Court, D. Puerto Rico.

Sept. 29, 1971.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Julio Morales Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER OF REMAND

FERNANDEZ-BADILLO, District Judge.

In open Court on March 25, 1971, a motion by plaintiff to remand to the Secretary of Health, Education & Welfare was denied without prejudice to reconsideration upon receipt of the entire administrative file. After the filing of the record, the parties filed further memoranda and the plaintiff submitted recent medical reports showing further

deterioration of plaintiff's general condition and of her vision. The defendant dismisses these reports as "cumulative" evidence.

Faced with such evidence that was not in the record, other courts have held that such evidence, different in kind from that presented at the administrative level is not cumulative. The report of the ophthalmologist reveals that the uncorrected vision in her only eye has decreased from 20/40 to 20/200 in less than two years. Her treating physician reports that in spite of treatment for her multiple ailments, she has not improved and cannot engage in any exercise or job.

Section 405(g) of Title 42 provides in part that the court:

"* * * may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision."

Faced with the same problem of past-decision reports, Judge Michie found that although they could not be considered as evidence in a judicial review of the Secretary's decision, they constituted good cause for remand. In Sage v. Cele-brezze, W.D.Va.1965, 246 F.Supp. 285, at 288, he said:

"[I]n determining 'good cause' the following should be remembered:

" 'The Social Security Act is to be liberally construed as an aid to the achievement of its Congressional purposes and objectives. Narrow technicalities which proscribe or thwart its polices and purposes are not to be adopted.'

" 'In these circumstances, courts must not require such a technical and cogent showing of good cause as would justify the vacation of a judgment, or the granting of a new trial, where no party will be prejudiced by the acceptance of the additional evidence and the evidence offered bears directly and substantially on the matter in dispute.' Blanscet v. Ribicoff, 201 F.Supp. 257, 265 (W.D.Ark.1962).

"I believe that the existence of the three letters, above referred to, that are not in the record constitutes 'good cause' for remanding the case to the Secretary for the taking of additional evidence and the case will be remanded accordingly."

This Court is of the same opinion. Now that the plaintiff has the assistance of counsel to aid in the development of this evidence, (See Goforth v. Cohen, D.S.C.1968, 290 F.Supp. 590; Román Zeno v. Secretary, D.P.R., of Health, Education and Welfare, 331 F.Supp. 1095, order of December 28, 1970), the record will be ripe for judicial review upon its return to this Court.

The motion to remand to the Secretary for the taking of additional testimony and evidence is granted.

It is so ordered.