**Julian H. STORY, Plaintiff,**

v.

**Elliot L. RICHARDSON, etc.,
Defendant.**

**Civ. A. No. 2748.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 31, 1972.

Howard R. Dunbar, Johnson City, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., and W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a judicial review of the final decision of May 19, 1971, of the defendant administrator, 42 U.S.C.A. § 405(g), denying the plaintiff's claim for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423. The plaintiff initially filed an application for disability benefits under the act on November 11, 1969, alleging that he became unable to work on December 18, 1968 at the age of 45 years due to " * * * heart condition, bad back. * * * ". His claim was denied, and a request for reconsideration resulted in an affirmation of such denial. A hearing was then held before an examiner, resulting in a denial on April 20, 1971 of the plaintiff's application. An appeals council denied the plaintiff's request for a review and adopted the hearing examiner's decision as the final decision of the defendant.

The sole issue is whether there is substantial evidence to support the final decision of the Secretary that Mr. Story was not under a "disability", as defined by the Social Security Act, on or before September 30, 1969, the date on which he last met the special earnings requirements of the Act.

The defendant has moved for summary judgment, Rule 56(b), Federal Rules of Civil Procedure, and the plaintiff has filed a motion to remand for the taking of additional evidence, 42 U.S.C. § 405 (g). " * * * Remand to the Secretary for the taking of additional evidence can only be had on a showing of good cause. * * * " Sage v. Celebrezze, D.C.Va.

(1965), 246 F.Supp. 285, 288 [4]. There is such good cause present here.

The hearing examiner found, *inter alia*, that: " * * * The claimant does not have a significant heart condition. * * * " It is questionable whether there is substantial evidence to uphold such a finding: On November 14, 1969 Mr. Story's personal physician Dr. Edwin R. Norris, an osteopath, reported that he had first examined Mr. Story on September 17, 1969 and had then seen him three other times. He diagnosed, *inter alia*, cardiomegaly, and possible early left heart failure. On March 28, 1971, Dr. Norris submitted a statement, wherein he states:

> * * * [I]n my opinion * * * [Mr. Story] was totally and permanently disabled from the standpoint that he was unable to engage in any substantial gainful employment as of September 30, 1969, and said disability is expected to continue for a period of twelve (12) months or longer.
>
> His disability is due to:
>
> (1) Cardiomegaly (early)
>
> (2) Angina Pectoris (Possible)
>
> * * * * * *

Mr. Story was then examined at the request of the Secretary by Dr. J. C. Blevins, an internist, who on December 10, 1969, reported that: " * * * At time of today's examination no abnormalities were noted except for the applicant having a left bundle branch block which is considered abnormal at his age unless he were born with a left bundle branch block. * * * We could not make a diagnosis of cardiovascular disease today. * * * " Following Dr. Blevin's examination of Mr. Story, he was examined by Dr. James G. McFadden, an orthopedist, whose report on December 26 only deals with Mr. Story's back problem and does not make any findings as to a heart condition.

As defined by the Social Security Act, 42 U.S.C. § 423(d)(1)(A), the term "disability" means:

> inability to engage in any substantial gainful activity by reason of any med-

ically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * * [and 42 U.S.C. § 423(d)(3) provides that:]

For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

■ It is questionable under the present state of the record whether Mr. Story has demonstrated that he is disabled by a heart condition: " * * * demonstrable by medically acceptable clinical and laboratory diagnostic techniques." However the statements of Drs. Norris and Blevins certainly indicate that his history of chest pain might be caused by such a condition. As aforementioned, the plaintiff has moved the Court to remand this action for the taking of further evidence, 42 U.S.C. § 405(g). He has accompanied said motion with the following report from Dr. Lyman A. Fulton, a staff physician at a Veteran's Administration facility:

This note concerns the case of Mr. Julian H. Story who was a patient in Mountain Home VA Hospital from 10/6/71 to 10/14/71. He complained of chest pain, which had bothered him for the past four years, but more frequently in the past year or so. The pain occurred both with and without exertion and occasionally involved the arms. The pertinent studies included an abnormal electrocardiogram (showing left bundle branch block, a serious lesion of the conduction system, usually associated with significant heart disease), slight enlargement of the heart on chest x-ray, and some relief of pain when given Isordil which is commonly used with angina pectoris.

Because of the above findings, it is felt that Mr. Story does have coronary heart disease with angina pectoris and in view of the history of four years of symptoms, we may assume that he also had the condition in September, 1969. It is my opinion that Mr. Story is disabled from working at the type of work which he ordinarily has done, and that it is not reasonable to expect improvement in the future.

From all this, the Court is of the opinion that the plaintiff has shown good cause for the taking of additional evidence administratively.

■ " * * * This additional evidence, not in the record before the hearing examiner, might or might not lead the examiner to a different finding of fact, and of course cannot be considered by this Court in determining whether such findings are supported by substantial evidence. However, as was stated in the case of Sweeney v. Gardner, D.C. Mass. (1967), 277 F.Supp. 622, 627 [7]:

Although the court is limited to the record in determining whether the findings of the Secretary are supported by substantial evidence, extraneous matters may be considered in determining whether to remand 'on good cause shown.' * * * It has been said that in determining whether good cause has been shown under * * * [42 U.S.C. § 405(g)], 'courts must not require such a technical and cogent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute.' Blanscet v. Ribicoff, W.D.Ark., 1962, 201 F.Supp. 257, 265, quoted in Sage v. Celebrezze, W.D.Va., 246 F.Supp. 285, 288. * * * "

Collins v. Finch, D.C.Tenn. (1970), 323 F.Supp. 1262, 1264. " * * * The Social Security Act is to be liberally construed as an aid to the achievement of its Congressional purposes and objectives. Narrow technicalities which proscribe or thwart its policies and purposes are not to be adopted. * * * " Schroe-

der v. Hobby, C.A. 10th (1955), 222 F. 2d 713, 715 [2].

The defendant's motion for a summary judgment, accordingly, hereby is denied. Rule 56(c), Federal Rules of Civil Procedure. This action hereby is remanded to the defendant Secretary so that he may reopen the record in order that the Social Security Administration may make such further findings as are suggested herein or otherwise may become necessary.