**Modina BROWN, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**No. 74-C-77.**

United States District Court,
E. D. Wisconsin.

Nov. 19, 1975.

Paul E. Feldner, Jones & Feldner, Milwaukee, Wis., for plaintiff.

Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Plaintiff Modina Brown commenced this action on March 4, 1974 pursuant to section 205(g) of the Social Security Act (hereinafter referred to as the "Act"), 42 U.S.C. § 405(g), seeking a reversal of the final decision of the Secretary of Health, Education and Welfare which denied plaintiff's application for the establishment of a disability and for disability insurance benefits as provided by sections 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423, respectively. Mrs. Brown filed an application for disability benefits on June 21, 1971, alleging that she became unable to work on March 6, 1971. At the time of the onset date, Mrs. Brown was 37 years of age and had completed her education through the ninth grade. Her alleged disability apparently emanates from an incident occurring on January 21, 1971, wherein Mrs. Brown experienced pain in the lower back while lifting a patient during the course of her employment as a nurse's aide for the Milwaukee County Institutions.

The application for disability benefits was administratively denied on August 4, 1971 and similarly denied on March 20, 1972 after reconsideration by the Social Security Administration Bureau of Disability Insurance. Thereafter, on July 17, 1973, plaintiff appeared before an administrative law judge for a hearing de novo on her disability claim, and a decision was rendered on September 18, 1973, finding: (1) that while plaintiff might suffer some lumbosacral strain, she had not established an impairment of sufficient severity to prevent her from returning to work in her usual occupation as a nurse's aide; (2) that plaintiff was capable of performing sedentary and light work available in the region where she resided; and (3) that plaintiff therefore suffered no "disability" as that term is defined within the Act. This decision then became the final decision of the Secretary of the Health, Education and Welfare when the Appeals Council approved it on January 3, 1974.

Both plaintiff and the Secretary have filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and both have supported their respective motions with briefs. Plaintiff, however, has appended to her brief two documents which do not constitute a part of the administrative record submitted on review. The first of these submissions is the medical report of Doctor Lester V. Salinsky, an orthopedic surgeon, who examined the plaintiff on March 29, 1974, following the conclusion of the administrative proceedings below. Unlike the prior medical experts, Doctor Salinsky concluded from his medical findings that plaintiff "has a nerve root syndrome and will continue to experience pain in the low back upon the application of activities requiring undue stress and strain to the low back." Also appended was the medical report of Doctor Richard L. Hecker of the Milwaukee Podiatry Clinic who performed surgery upon the plaintiff on October 7, 1974 in an attempt to alleviate a podiatal problem which he diagnosed as associated with plaintiff's lumbosacral pain.

■ Although, as indicated, both parties have filed cross motions for summary judgment, this Court has previously determined that section 205(g) of the Social Security Act does not admit the use of summary judgment. See Torphy v. Weinberger, 384 F.Supp. 1117, 1119 (E.D.Wis., 1974). Accord: Schoultz v. Weinberger, 375 F.Supp. 929, fn. 3 (E.D.Wis., 1974). Accordingly, the Court will treat defendant's motion for summary judgment as a motion for an order affirming the decision of the Secretary and plaintiff's motion as a motion for an order reversing the decision of the Secretary or remanding the matter to the Secretary for the taking of new or additional evidence.

■ The standard of review upon which a federal district court is empowered to enter judgment "affirming, mod-

ifying, or reversing the decision of the Secretary" is delineated by the provisions of 42 U.S.C. § 405(g), which provides in part:

" . . . The court shall have power to enter, *upon the pleadings and transcript of the record,* a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. . . . " (Emphasis added).

The jurisdiction of this Court as concerns a review of the substantive disability claim is therefore confined to a determination of whether there exists substantial evidence *of record* to support the Secretary's findings. *Richardson v. Perales,* 402 U.S. 389, 410, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Jeralds v. Richardson,* 445 F.2d 36, 38 (7th Cir., 1971); *Torphy v. Weinberger, supra* at 1119. As to the propriety of remand to the Secretary for the taking of additional evidence, however, the standard is one of "good cause shown" without corresponding limitation to the confines of the administrative record:

" . . . The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and *may, at any time, on good cause shown, order additional evidence to be taken before the Secretary,* and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both . . . ." Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (emphasis added).

Thus, while the law is clear that a federal district court is precluded from any consideration of newly-submitted evidence in its review of the findings of the Secretary by virtue of the prohibition against *de novo* review, the law is equally clear that extraneous matters may be considered in determining the existence of "good cause shown" incident to a request for remand to the Secretary for the purpose of taking additional evidence. *See, e.g., Huckabee v. Richardson,* 468 F.2d 1380, 1381 (4th Cir., 1972); *Rodriguez v. Richardson,* 331 F.Supp. 545, 546 (D.Puerto Rico, 1971); *Sweeney v. Gardner,* 277 F.Supp. 622, 627 (D.Mass., 1967); *Sage v. Celebrezze,* 246 F.Supp. 285, 288 (W.D. Va., 1965) and *McDaniel v. Flemming,* 190 F.Supp. 270, 271 (D.Md., 1961).

The thrust of plaintiff's argument on review, as evidenced by her brief, is twofold: (1) that the Administrative Law Judge erred in failing to consider whether plaintiff's complaints of subjective pain, unsupported by objective medical data, were sufficient to support a finding of disability under the Act, and (2) that in any event remand is required by virtue of the existence of new evidence which establishes an organic cause supportive of plaintiff's pain. While the Court does not agree with plaintiff's first contention, the second bears substantial merit.

## I. SUBJECTIVE COMPLAINTS OF PAIN

A number of courts have determined that although the language of section 223(d)(3) of the Act, 42 U.S.C. § 423(d)(3), suggests that a finding of disability within the meaning of the Act must be supported by clinical data, symptoms which are real to the claimant but unaccompanied by objective medical

data may support a claim for disability benefits provided the claimant satisfies the requisite burden of proof. *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3rd Cir., 1971); *Celebrezze v. Warren*, 339 F.2d 833, 838 (10th Cir. 1964); *Ber v. Celebrezze*, 332 F.2d 293, 298–299 (2d Cir., 1964); *Page v. Celebrezze*, 311 F. 2d 757, 763 (5th Cir., 1963); and *Rusnak v. Weinberger*, 372 F.Supp. 878, 880 (D.Del., 1974). As concerns the issue of pain, however, this does not imply that pain for which the doctors can find no basis, either organic *or neurotic*, is sufficient to qualify as a disability. As noted in the leading case of *Page v. Celebrezze, supra* at 762–763:

"If pain is real to the patient and as such results in that person being physically unable to engage in any gainful occupations suited to his training and experience, and this results from 'any medically determinable physical or mental impairment' the disability entitles the person to the statutory benefits even though the cause of such pain cannot be demonstrated by 'objective clinical and laboratory findings.' We are dealing with such a case here. *This is not the simple case of a person complaining of pain for which none of the doctors can find any basis, either organic or neurotic.* Here we are dealing with a person about whom there is almost substantial agreement that she is disabled in fact by reason of psychosomatic or psychoneurotic involvements." (Emphasis added).

Similarly, in construing the *Page v. Celebrezze* determination hereinabove quoted, courts have concluded that pain, if substantial, can be disabling as long as it results from a medically determinable impairment. *See, e.g., Sweeney v. Gardner*, 277 F.Supp. 622, 627 (D.Mass., 1967). Thus, the lack of a need for objective clinical data and laboratory findings goes to the issue of whether a claimant's pain is of a psychological origin rather than organic and does not abrogate the requirement that pain must result from a medically determinable impairment. Moreover, the administrative law judge then properly discharges his function so long as he considers the existence of either an organic or a psychological basis for the claimant's pain. In the instant case, the record clearly discloses the consideration of both such factors by the administrative law judge. Having evaluated the medical evidence, examiner Robert M. Burns concluded:

"Although the claimant undoubtedly has some pain and discomfort in her back, the medical evidence does not establish an impairments [sic] that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. On the contrary, the medical evidence establishes that the claimant's physical examinations have been essentially within normal limits; the medical evidence does not establish that she has a psychiatric problem and in fact she has neither sought nor received any psychotherapy. The primary evidence concerning the severity and nature of the claimant's alleged impairment consists of her own statements and the statements of the applicant, including her own description of her impairment (symptoms) are insufficient to establish the presence of a physical or mental impairment (Reg. 404.1501(c))."

This Court therefore finds plaintiff's first contention without merit.

## II. PROPRIETY OF REMAND

As heretofore noted, section 205(g) of the Social Security Act authorizes remand to the Secretary for the taking of new or additional evidence upon a showing of "good cause." The decision of whether or not a remand of the case to the Secretary is necessary lies in the sound discretion of the district court. *Dunn v. Richardson*, 325 F. Supp. 337, 347 (W.D.Mo., 1971). In discussing the parameters of "good cause," courts have most often cited the admoni-

tion of *Wray v. Folsom*, 166 F.Supp. 390, 395 (W.D.Ark., 1958):

" 'The Social Security Act is to be liberally construed as an aid to the achievement of its Congressional purposes and objectives. Narrow technicalities which proscribe or thwart its policies and purposes are not to be adopted.'

"In these circumstances, courts must not require such a technical and cogent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute."

*Accord*: *Blanscet v. Ribicoff*, 201 F. Supp. 257, 265 (W.D.Ark., 1962); *Sage v. Celebrezze*, 246 F.Supp. 285, 288 (W. D.Va., 1965); *Sweeney v. Gardner*, supra at 627; *Rodriguez v. Richardson*, 331 F.Supp. 545, 546 (D.Puerto Rico, 1971).

In view of this generally accepted standard, there is little question but that the "new evidence" appended to her brief by plaintiff warrants remand to the Secretary for his consideration. Unlike prior medical reports which indicated no finding of an organic cause for plaintiff's pain, the report of Doctor Salinsky attests to the existence of a nerve root syndrome. It is therefore not cumulative of other evidence in the record, *cf. Taylor v. Secy. of Health, Education and Welfare*, 362 F.Supp. 952, 956 (D.Kan., 1973) and is most certainly relevant and probative. *Cf. Hess. v. Weinberger*, 363 F.Supp. 262, 267 (E.D. Pa., 1973). Moreover, since the administrative law judge made specific mention of the lack of any finding of an organic cause, such as nerve root syndrome, in his evaluation of the evidence and the findings entered thereon, the report would clearly affect the reasons cited by the examiner in denying plaintiff the requested benefits. *Cf. Taylor v. Secretary, supra.*

Now, therefore, upon the foregoing, it is ordered that this case be and hereby is remanded to the Secretary of Health, Education and Welfare for the taking of additional evidence and reconsideration of the denial of disability benefits in view thereof.