Vernon G. MINNEY, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

No. 77–2014.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Oct. 31, 1977.

Westmoreland & Westmoreland, Fort Smith, Ark., for plaintiff.

Robert E. Johnson, U. S. Atty., J. Michael Fitzhugh, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

OPINION

JOHN E. MILLER, Senior District Judge.

On May 14, 1975 plaintiff, Vernon G. Minney, filed an application for a period of

disability and for disability insurance benefits in which he alleged that he became unable to work on January 8, 1975. The application was denied initially on June 18, 1975 by the Bureau of Disability Insurance Division of Initial Claims. Request for reconsideration filed August 28, 1975 was denied on September 18, 1975. On May 18, 1976 plaintiff requested a hearing before Administrative Law Judge, which hearing was held June 16, 1976. At the conclusion of the hearing the Administrative Law Judge filed his opinion. In his opinion, the Administrative Law Judge stated:

"The medical evidence contained in the record shows that the claimant has a history of having sustained an injury to his right foot in an automobile accident in Missouri in 1962. Since that time he has had operative procedures carried out, one was a triple arthrodesis and then he developed osteomyelitis. This procedure was done at the Hines Hospital in Chicago. Later on in Los Angeles, he had an arthrodesis of his right ankle carried out. In late 1974 he had an arthrodesis of the first coneiform bone with the first metatarsal. The claimant was walking with a mildly elevated right shoe with an ankle brace without motion being present and as of December 15, 1975, he was still in a surgical boot. The diagnosis as of December 15, 1975 was status postoperative ankle fusion with triple arthrodesis of the right foot. There was a mild valgus alignment of the foot. Osteomyelitis has been present in the past and it appeared to be relatively quiescent as of December 1975. There was found to be some compensatory shortening of the right lower extremity, secondary to the arthrodeses that have been carried out. The medical evidence further indicates that there is a loss of normal function and heel-toe gait pattern, right ankle and foot. Also, the medical evidence establishes a traumatic enucleation of the left eye."

On June 21, 1976 plaintiff filed his request for review of the hearing decision and order.

On January 3, 1977, the Appeals Council advised plaintiff that in its opinion the hearing decision is correct. "Further action by the Council would not, therefore, result in any change which would benefit you. Accordingly, the hearing decision stands as the final decision of the Secretary in this case."

On January 21, 1977, plaintiff filed complaint "for special judicial review of administrative determination of Social Security Disability Insurance Benefits (and) remand of the case to the Secretary of Health, Education and Welfare for further action by the Secretary".

On January 31, 1977, the plaintiff filed his motion to remand and brief in support thereof.

On May 24, 1977 defendant filed his answer to the complaint.

On June 1, 1977 plaintiff filed a motion for order summarily remanding the case to the defendant for further administrative consideration and action.

On July 8, 1977 the defendant filed its motion for summary judgment.

The court has jurisdiction of the action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A., Section 405(g). The applicable section of the statute of the section provides:

" * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * * "

The Appeals Council did not consider the severity or effect of the physical condition of the plaintiff, and disregarded the ultimate effect of the injuries of which plaintiff suffers, which justify the remand of the case.

On Page 20 of the transcript, the Administrative Law Judge said:

"Although the claimant has the residuals of the injuries described in the preceding

paragraphs, the medical evidence reveals no postoperative complications. He has been fitted with a walking brace and a new eye prosthesis. Apparently, the claimant has recovered and progressed to the point where he is no longer under a disability although he was under a severe impairment but the same did not last for 12 consecutive months. Although the claimant does no doubt encounter some pain and physical ailments as the testimony shows, such impairments do not reach the level of severity so as to prevent the claimant from engaging in work for which the claimant is obviously qualified, and has performed in the past. The claimant's allegation of pain and discomfort has been considered and evaluated because pain may be a disabling affliction. However, based on the evidence contained in this record, it is reasonable to conclude and find that the claimant's subjective complaints of pain fail to overcome the massive current negative medical findings."

It is not disputed that his illness and injuries have finally prevented him from working after January 8, 1975.

"I got where I couldn't stand to put weight on my foot and I had to have surgery on it again. I can see O.K. I just don't have any depth perception. I have had three bone graphs on my foot prior to this last surgery. They have scraped the bone several times. I has osteomyelitis and it caused a lot of problems prior to this date."

He also stated that the Veteran's Administration had all of his medical records and in response to a question whether the doctor had told him to restrict his activities in any way he answered:

"Veteran's Administration doctors told me not to walk on it anymore than I absolutely had to. Dr. Stayer told me I probably wouldn't be able to walk on it anymore and if this last surgery was not successful it would be a possible amputation on my right foot.

"I am now at home. I can't get out and mow the yard or take care of chores around the house that I need to do because of my foot. I like to fish but I can't do that anymore either. Almost no social activities. I can feed cattle and bathe myself without assistance.

"I have usually worked in farm labor, irrigation work and driving tractors or whatever other work came up on the farm that needed to be done."

As stated by the plaintiff, the Veteran's Administration obtained all of his medical records when he filed claim for veteran's benefits. On January 16, 1976, the adjudication officer of the Veteran's Regional Office, Little Rock, Arkansas, wrote plaintiff as follows:

"You have been assigned 100 percent disability rating effective September 1, 1975, because your service connected disabilities prevent you from following a gainful occupation."

On May 14, 1975, the defendant in its disability determination and transmittal stated a diagnosis as follows:

(1) residuals of old multiple fractures right ankle and foot with surgical fusion ankle and triple arthrodesis foot.

(2) painful partial stiffening navicular cuneiform joint right foot.

(3) chronic enucleation left eye.

In a note attached to such disability determination the following appears:

"Little Rock Veteran's Administration Hospital—Record of Treatment—February 24, 1975 to June 9, 1975:

Although the claimant has residuals of old multiple fractures right ankle and foot with surgical fusion ankle and triple arthrodesis foot, painful partial stiffening navicular cuneiform joint right foot and chronic enucleation left eye, medical evidence reveals no postoperative complications. He has been fitted with a walking brace and arrangements made for the fabrication of a new eye prosthesis. Although the claimant has a severe impairment at the present time, that impairment is not expected to last for 12 consecutive months; therefore, the claim is denied."

In the case of *Blanscet v. Ribicoff* (W.D. Ark., 1962), 201 F.Supp. 257 in which the court, beginning at page 265 said:

"There is no doubt that this court has good cause for remanding this case for a rehearing under the provisions of 42 U.S. C.A. § 405(g). This standard, which allows the remand of a case, is stated as follows in *Wray v. Folsom,* 166 F.Supp. 390 (W.D.Ark.1958), beginning at page 394:

" * * * On the other hand, 'good cause' is a relative and highly abstract term and its meaning must be determined not only by the verbal context of the statute in which the term is employed, but also by the context of the action and procedures involved and the type of case presented. In this respect it should be remembered that while administrative determinations have, as they must, a weighty effect with a reviewing court, and the conclusions of a Referee must be accepted if based upon substantial evidence, the administrative hearing in this type of action is informal and nonadversary, and the determinations of an administrative body should not be given the stringent protection against new evidence and reevaluation afforded to final judgments of courts of record. If new evidence were to be presented, none of the cumbersome and time-consuming requirements found in jury trials are imposed upon the administrative body. This is particularly so where the evidence sought to be introduced is written. It should also be remembered that the defendant would not be prejudiced if new evidence were to be required. In the administrative hearing, as distinguished from the cause in this court, there are no formal adversaries, and no new preparation by any party will be required. As the court said in *Schroeder v. Hobby,* 10 Cir., 1955, 222 F.2d 713, at page 715: " 'The Social Security Act is to be liberally construed as an aid to the achievement of its Congressional purposes and objectives. Narrow technicalities which proscribe or thwart its policies and purposes are not to be adopted'.

"In these circumstances, courts must not require such a technical and contingent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute."

In *Wesley v. Secretary of Health, Education and Welfare* (D.C., 1974), 385 F.Supp. 863, the court at page 865 said:

"To be eligible for disability benefits, a person must become disabled during a period in which he has met the special earnings requirements, 42 U.S.C. § 416(i). 'Disability' is defined as 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.' 42 U.S.C. § 423(d)(1)(A). Regulations promulgated by the Social Security Administration add substance to this definition. Significant activity is deemed 'the performance of significant physical or mental duties, . . . productive in nature,' and activity is 'gainful' if it is 'for remuneration or profit ( . . . whether or not a profit is realized) . .'" 20 C.F.R. § 404.1532(b)."

The case of *Blanscet v. Ribicoff, supra,* has been cited with approval by many subsequent cases. *Jenkins v. Gardner,* 6th Cir., 430 F.2d 243 (1970); *Floyd v. Finch,* 6th Cir., 441 F.2d 73 (1971); *Gold v. Secretary of Health, Education and Welfare,* 2nd Cir., 463 F.2d 38 (1972); *Goforth v. Cohen,* 290 F.Supp. 590 (D.C.1968); *Pasquale v. Cohen,* 296 F.Supp. 1088 (D.C.1969); *Stewart v. Cohen,* 309 F.Supp. 949 (D.C.1970); *Collins v. Finch,* 323 F.Supp. 1262 (D.C.1970); *Martin v. Richardson,* 325 F.Supp. 686 (D.C. 1971); *Rodriguez v. Richardson,* 331 F.Supp. 545 (D.C.1971); *Epperly v. Richardson,* 349 F.Supp. 56 (D.C.1972); *Story v. Richardson,* 356 F.Supp. 1182 (D.C.1972); *Brown v. Secretary of Health, Education and Welfare,* 403 F.Supp. 938 (D.C.1975);

*Lincovich v. Secretary of Health, Education and Welfare,* 403 F.Supp. 1307 (D.C.1975). See also annotation 22nd ALR 3rd 440 and annotation 23rd ALR 3rd 1034.

The motion of plaintiff to remand together with brief in support thereof was filed January 31, 1977. In the answer of the defendant filed May 24, 1977, the defendant states:

"With respect to plaintiff's request in paragraph II that this case be remanded by the court to defendant, defendant states that plaintiff has not shown 'good cause' pursuant to Section 205(g) of the Act, 42 U.S.C.A. 405(g) to warrant remand."

On June 1, 1977, the defendant filed a motion for summary order to remand.

The medical report of January 27, 1977 of R. W. Ross, M.D., Doctors' Building, 1120 Lexington Avenue, Fort Smith, Arkansas, is based upon an examination made by the doctor. There is no hearsay or second guessing involved. The doctor was stating facts that were revealed to him by the personal examination of the applicant. The report is as follows:

"TO WHOM IT MAY CONCERN"

"I have today examined Mr. Vernon Minney who is a 38 year old white male who suffered an automobile accident several years ago injuring his right foot, ankle, lower leg, and losing his left eye.

"On physical examination today, this man is found to have a prosthesis present in the left socket. There is severe atrophy and weakness of the right lower leg, attendant with pain and swelling. The patient has no ability to flex or extend the right ankle due to a previous arthrodesis. "It is my opinion that in view of this man's lameness, blindness, and attendant pain he is totally disabled."

The above was not considered by the Appeals Council in reaching its decision. Following the filing by plaintiff of the complaint now before the court, the defendant was granted extensions of time in which to respond to the complaint without objection from plaintiff.

The report of Dr. Ross is dated January 27, 1977. Apparently the defendant did nothing about it until May 26, 1977 when the Assistant Regional Attorney of defendant advised the Bureau of Hearings and Appeals:

"The new evidence consists of a letter dated January 27, 1977 from a. Dr. Ross. Dr. Ross has offered the opinion that 'in view of this man's lameness, blindness and attendant pain, he is totally disabled'."

It is not contended by anyone that the Appeals Council gave any consideration to the report of Dr. Ross. It was entirely disregarded. The decision is based only on the fact that the plaintiff had received much medical treatment and had undergone many surgical operations which, in fact, failed to afford relief. No doctor or surgeon has stated that all of the operations and other treatments have restored the health of the plaintiff to enable him to pursue a gainful occupation.

The Appeals Council seems to believe that plaintiff should have regained his health and seems to consider that his physical condition has been worsened by the medical treatments and surgical operations, but admits that plaintiff has the residuals of the injuries suffered by him and no doubt encounters some pain and physical ailments as the testimony shows. It further held that such impairments do not reach the level of severity so as to prevent the claimant from engaging in work for which he is qualified. But the findings of Dr. Ross, if received in evidence, along with the other evidence shows that the plaintiff is totally disabled.

42 U.S.C.A., Section 423(d) provides that the term disability means:

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

In the opinion of the court, 'good cause' exists and demands that this case be re-

manded for a full and complete hearing, including a testimony of qualified physicians who know his present condition.

The Administrative Law Judge in Section 2 of his findings of fact, Tr. 21, states: "The claimant met the special earnings requirements for disability purposes on January 8, 1975, the alleged date of onset of disability and continues to meet such requirements through the date of this decision."

Therefore, judgment is being entered today denying the motion of defendant for summary judgment and granting the motion of plaintiff and remanding the case to the Secretary of Health, Education and Welfare for further consideration of the application of plaintiff and the report of Dr. Ross.