**Harold JONES, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83–C–2011.**

United States District Court, E.D. Wisconsin.

May 28, 1985.

---

Mary L. Collins, Legal Action of Wisconsin, Inc., Milwaukee, Wis., for plaintiff.

Melvin Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

### I.

In his *Recommendation* of April 30, 1985, in this matter, Magistrate Robert L. Bittner considered the decision of the Secretary of Health and Human Services, denying the plaintiff's applications for disability insurance benefits and supplement security income under the Social Security Act. Based on his review of the record before him, the Magistrate concluded that there is substantial evidence to support the determination of the Administrative Law Judge that the plaintiff does not suffer from a severe impairment and is thus not disabled and entitled to the benefits for which he has applied.

Following his summation of the live testimony and documentary evidence offered in support of the present applications, the Magistrate concluded that the plaintiff had failed to meet his burden of establishing the severity of his impairment by introducing appropriate clinical tests and laboratory findings of some medical condition that could reasonably be expected to produce his symptoms of low back pain, among others. The Magistrate summarized his position as follows:

> ... This may well be as scanty a medical record as any which has come before this Court for review. It consists only of two consultant medical reports and two x-ray reports. The medical reports fail to demonstrate a condition which prevents the plaintiff from performing physical functions, such as walking, standing, sitting, lifting, pushing, and carrying; nor do either of the reports restrict or caution against such basic work activities. The two x-ray reports fail to disclose a medical condition reasonably expected to produce the symptoms of which the plaintiff complains. In fact, one of the x-ray reports simply states that a condition exists consistent with the plaintiff's age.

Magistrate's *Recommendation* at 8–9 (April 30, 1985). Similarly, the Magistrate determined that the plaintiff's subjective complaints of pain, absent any confirming objective data to support the existence of a medically determinable impairment, do not entitle him to a finding of disability. To make such a finding, the Court, in the Magistrate's words, "would have to disregard 20 C.F.R. § 404.1529, which specifically limits consideration by the Secretary to only those symptoms, including pain, founded upon a medical condition reasonably expected to produce them. The mere diagnosis of a disease or a condition does not direct a finding of disability [citations omitted]." Magistrate's *Recommendation* at 9 (April 30, 1985).

Finally, the Magistrate rejected the plaintiff's contention that the so-called "severity requirement," discussed *infra* at 6–7, & 10–11, is invalid and in violation of the statutory definition of disability, mandating the consideration of age, education, and relevant work experience. As the Magistrate opined, the principal flaw in the plain-

tiff's position, premised, as it is, on a broad definition of "severe," is that the applicant has failed in the first instance to establish the existence of any medically determinable impairment—severe or otherwise. Even if inclined to adopt the plaintiff's limited description of a typical "nonsevere impairment," the Magistrate would have found himself hard-pressed to overturn the Secretary's decision, as follows:

> ... [S]ubstantial evidence exists in this record from which the ALJ could conclude that the plaintiff is not severely impaired. A nonsevere impairment is one which is so slight that it is presumptively not disabling because without taking age, education, and vocational background into consideration any claimant who has the impairment retains the ability to do his past work [citation omitted]. As previously discussed, the record is devoid of any objective evidence which supports the plaintiff's complaints, and moreover, able to perform his past work with the impairments which he now claims disable him. The plaintiff cannot manipulate the severity test ... to escape his initial burden of establishing a medically determinable impairment.

Magistrate's *Recommendation* at 11–12 (April 30, 1985). Based on this analysis, the Magistrate recommended that the Court affirm the administrative decision, finding no severity to the plaintiff's impairments and concluding that he is not entitled to the disability insurance benefits and supplemental security income for which he has applied.

Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Rule 13.03, the parties were afforded ten days after service of the Magistrate's *Recommendation* in which to serve and file specific, written objections with this Court. On May 9, 1985, the plaintiff submitted a memorandum articulating such specific objections and requesting that his motion for summary reversal of the administrative decision be granted or, in the alternative, that the matter be remanded for a new hearing before another administrative law judge.

In his memorandum of objections, the plaintiff contends, first, that he has, indeed, established the existence of some medically determinable impairment, as follows:

> ... Objective medical data has documented that the plaintiff has osteoarthritis of the lumbar spine (TR 147), scattered degenerative changes of the dorsal spine (TR 146), scattered hypertrophic degenerative changes of the lumbar sacral spine (TR 147), possible degenerative joint disease (TR 155–156), degenerative changes in the thoracic spine (TR 155–156), blindness in the left eye (TR 156), and a history of syncope (TR 147).

Plaintiff's *Objections to Magistrate's Recommendation* at 1 (May 9, 1985). As he did in his principal motion for summary reversal, the plaintiff also invokes the language of *Hundrieser v. Heckler*, 582 F.Supp. 1231, (N.D.Ill.1984), for the proposition that the "severity" requirement is, at best, a minimal one and, under circumstances like the present, presents no considerable impediment to the awarding of benefits.

Furthermore, it is the plaintiff's position that the record as a whole does not substantially support the Secretary's finding of nondisability; among other things, the plaintiff notes that he is unable to perform his past work, is blind in his left eye and, accordingly, suffers from a loss of balance, and experiences pain when bending or lifting. In further support of his position, the applicant directs the Court's attention to those portions of the administrative record indicating that he has difficulty with recollection and requires frequent rest. Finally, he agrees that his inability to perform his past relevant work is supported to a substantial degree by letters authored by his general assistance work supervisors, also incorporated in the record of this case.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and Local Rule 13.03, the Secretary has been afforded ten days from service of the plaintiff's objections in which to respond. To date, the

Secretary has filed no such response. Accordingly, the Court has conducted its *de novo* review of the plaintiff's claims based on the administrative record, the pleadings of the parties, the opposing motions for summary judgment, and the plaintiff's recently-filed objections to the Magistrate's *Recommendation* of April 30, 1985. Based on this review, the Court concludes, for the reasons set forth herein, that the Secretary's motion for summary affirmance must be granted and the plaintiff's motion for summary reversal denied.

## II.

As both parties to this action acknowledge, the well-established procedure for determining whether a claimant is disabled and thus entitled to benefits has been neatly summarized by the Court of Appeals for the Seventh Circuit as follows:

(1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops inquiry and leads to a determination that the claimant is not disabled.

*Garfield v. Schweiker,* 732 F.2d 605, 607 n. 2 (7th Cir.1984).

If, pursuant to the first touchstone, it is determined that the plaintiff is engaged in substantial gainful employment, the claim is summarily denied, pursuant to 20 C.F.R. § 404.1520(b). If, however, the claimant is not presently employed, the fact-finder must then determine whether the applicant's impairment is severe; a severe impairment is defined in 20 C.F.R. § 404.1520(c) as one that "significantly limits" an individual's "physical or mental ability to do basic work activities." As before, if the individual's impairment may not be accurately characterized as severe, the evalua-

tion procedure ends and the application for benefits is denied. Significantly, it is only when the claimant overcomes the hurdle of demonstrating "severity" that he or she is then entitled to further review under the third, fourth, and fifth touchstones, requiring sequential assessments of specific impairment levels, abilities to perform past relevant work, and availability of appropriate employment positions within the relevant national economy. 20 C.F.R. 404.1520(d), (e), & (f). As indicated above, the Secretary disposed of the present application upon a finding under the second criteria that the plaintiff's physical and mental impairments do not rise to the level of severity required by 20 C.F.R. § 404.1520(c).

■ Having carefully reviewed the administrative record in this matter, including most particularly the medical reports submitted by Drs. Suresh R. Naik, M. Yusuf Ali, Joyce A. Yerex, and L.H. Huberty, the imports of which are accurately and exhaustively described by the Magistrate in his *Recommendation* of April 3, 1985, the Court must conclude that this plaintiff's impairments do not rise to the level of severity justifying an award of benefits. The record is clear, as the Magistrate himself observed, that diagnoses of some medical impairments have been made—including, among others, osteoarthritis of the lumbar spine, postural dizziness with a history of syncope, blindness in the left eye secondary to old trauma, low back syndrome, and possible degenerative joint disease. *See Transcript* at 147 & 155–156. At the same time, Dr. Naik offered this report with respect to the plaintiff's musculoskeletal system:

... [E]xamination of peripheral joints was essentially normal with no evidence of active synovitis or limitation of motion. Examination of lumbar spine revealed inability to flex the lumbar spine completely with moderate paraspinal muscle spasm. No tenderness was noted. Neurological examination failed to reveal any motor or sensory deficit and reflexes were psysiological.

*Transcript* at 147. Similarly, Dr. Ali made these diagnoses with respect to the plaintiff's condition:

> ... Back straight. No tenderness to deep palpation on back. Passive movement of joints free but painful. Gross Crepitus over left shoulder joint. No ankle adema. No gross joint deformity. Could not bend to touch toes. Walked with a stiff back.

> ... Fully conscious and alert. Moves all extremities. Reflexes psysiological.

*Transcript* at 156.

Furthermore, the radiological report prepared by Dr. Huberty specifically notes that the scattered, marginal, degenerative changes in the plaintiff's dorsal lumbar spine are consistent with his age; Dr. Huberty further reports that the patient's vertebral body height, alignment, and interspacing are within normal limits and that his paraspinal soft tissues, apophyseal, and sacro-iliac joints are unremarkable in appearance. *See Transcript* at 146. These findings are largely confirmed by the radiological report prepared by Dr. Yerex, who comments, among other things, that the frontal, lateral, and oblique views of the plaintiff's lumbosacral spine show maintenance of a normal curve and that his disk spaces, pedicles, processes, and posteria arches are unremarkable. *See Transcript* at 157.

As the Magistrate has accurately characterized these several medical reports, none suggests a condition that prevents the plaintiff from performing basic work activities, as defined in 20 C.F.R. § 404.1521(a) & (b). While there is apparently no dispute that the plaintiff is blind in his left eye, there is likewise no indication in the administrative record that the applicant is incapable of performing routine physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. *See* 20 C.F.R. § 404.-1521(b)(1). In short, it is this Court's view that the plaintiff has not demonstrated impairments of severity sufficient to justify further consideration of his applications under the sequential analysis set forth in

*Garfield v. Schweiker*, 732 F.2d 605 (7th Cir.1984) (cited *supra* at 307).

The Court acknowledges the plaintiff's subjective complaints of considerable lower back pain, loss of balance, difficulty in recollection, chest pains, and easy exhaustion. *See Transcript* at 38–42 & 46–48. However, none of these symptoms is supported by any clinical findings or laboratory tests suggesting the existence of some medical cause. In *Brown v. Secretary*, 403 F.Supp. 938 (E.D.Wis.1975), quoted by the Magistrate in his *Recommendation* of April 30, 1985, this Court underscored the critical importance to any disability finding of objective data supporting the existence of a medically determinable impairment that might reasonably be expected to produce the applicant's claimed symptoms. This plaintiff's apparent inability to offer such evidence in support of his present applications necessitates rejection of his claim of disability on the basis of his subjective complaints.

Finally, to the extent that the plaintiff seeks reversal of the administrative decision in this case based on Judge Moran's decision in *Hundrieser v. Heckler*, 582 F.Supp. 1231 (N.D.Ill.1984), the Court finds itself in total agreement with the position articulated by the Magistrate in his recent *Recommendation*. As accurately noted therein, the question of whether the so-called "severity requirement" is improperly construed by the Secretary in this and other cases to preclude thorough consideration of disability claims is not even reached here: Regardless of whether the plaintiff's impairments are, in fact, severe, there is no threshold showing that those impairments are, as indicated above, medically determinable. In addition, while this Court would be reluctant to adopt without considerable qualification the bald assertion of statutory interpretation advanced by Judge Moran, *see Hundrieser v. Heckler*, 582 F.Supp. 1231, 1236 (N.D.Ill.1984) ("nothing in [the] basic statutory definition of disability suggests that claimants have to prove that they suffer from a 'severe' impairment in order to qualify as disabled"), it need not

challenge Judge Moran's position directly to decide this case. As discussed above, the administrative record, even under the limited definition of "severity" advanced by the *Hundrieser* court, provides substantial evidence upon which the Secretary might properly conclude that the plaintiff is not disabled and thus not entitled to the insurance benefits and supplemental security income for which he has applied.

### CONCLUSION

For the reasons set forth herein and in Magistrate Robert L. Bittner's *Recommendation* of April 30, 1985, the Court hereby GRANTS the defendant's motion for summary affirmance of the Secretary's decision, denying the plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The plaintiff's motion for summary reversal is accordingly DENIED.