Edna E. JOHNSON, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. C–5437.

United States District Court,
D. Colorado.

July 24, 1974.

Edna E. Johnson, pro se.

James L. Treece, U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This action was filed pursuant to 42 U.S.C. § 405(g) (1970) to obtain judicial review of a final administrative decision denying to the plaintiff a period of disability and an award of disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(i) & 423 (1970).

On December 27, 1971, the plaintiff filed an Application for Disability Insurance Benefits. She described her disability as "[a]rthritis (severe) with recurrent inflammation, swelling in major

joints so ability to get about is limited and high blood pressure." The disability appears to have begun on April 13, 1971. A report concerning the plaintiff's claimed disability was made pursuant to 42 U.S.C. § 421 by the State Agency for Disability Determinations, and on May 31, 1972, the application was denied. The application was again denied following the plaintiff's request for reconsideration.

On April 20, 1973, a timely application having been made by the plaintiff, a hearing was held before an Administrative Law Judge. At the hearing the plaintiff chose to present evidence without the assistance of counsel. On June 12, 1973, the Administrative Law Judge published his findings of fact and conclusions of law; he determined that the plaintiff was not entitled to the benefits requested in her application. The plaintiff's subsequent request to the Appeals Council for review of the decision of the Administrative Law Judge was denied. ·Consequently, the decision by the Administrative Law Judge became the final administrative determination of the plaintiff's claim.

42 U.S.C. § 405(g) defines the scope of judicial review to which the plaintiff is entitled:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the same for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..

██ The defendant has moved for summary judgment. Although we now have before us the entire record, consisting of the pleadings and a certified copy of the transcript of the administrative proceeding, summary judgment is not the proper vehicle for resolution of the issues. As recently pointed out by the Court of Appeals for the Tenth Circuit, a dispute concerning the presence or absence of substantial evidence in a record is itself a genuine issue of material fact, precluding an award of summary judgment. Nickol v. United States, 501 F.2d 1389 (10th Cir. 1974). Therefore the defendant's motion for summary judgment must be denied. Nevertheless, since all the evidence is now before us, the case is ripe for final disposition; accordingly, we now proceed to make findings of fact and conclusions of law.

The pertinent definition of disability is found in various sections of the Social Security Act:

> "disability" means . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months . . ..
> [42 U.S.C. § 416(i)(1)(A)]

It is further provided that

> an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence . . . "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. [42 U.S.C. § 423(d)(2)(A)]

A final provision specifies that

> a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities demonstrable by medically acceptable clinical and labo-

ratory diagnostic techniques. [42 U. S.C. § 423(d)(3)]

The testimony and exhibits presented at the hearing before the Administrative Law Judge indicate that the plaintiff was born in 1911 in Minnesota. She graduated from high school and had opportunity school training in key-punch operation, typing, and business English. She was employed in Minnesota as a cook and egg candler from 1937 to 1952, at which time she moved to Denver. Following her move to Denver she continued as an egg candler until 1954. In 1954 she sustained a back injury which required her to remain unemployed until 1959. From 1960 to 1970 she worked for twelve different employers as a key-punch operator. On September 22, 1970, she was laid off for lack of available work. A number of subsequent attempts to find employment as a key-punch operator were unsuccessful.

On December 27, 1971, the plaintiff filed an application for a period of disability and/or disability insurance benefits, claiming that she became unable to work on April 13, 1971. On September 23, 1971, she was admitted to Saint Joseph's Hospital in Denver as a result of severe pain which she was experiencing in her left leg and knee. She remained in the hospital until October 1, 1971.

The plaintiff lives by herself in an apartment. She does her own shopping, either by bus or by transportation provided by friends or relatives. She does her own cleaning, washing, and cooking.

The medical evidence presented at the hearing before the Administrative Law Judge came from four sources: (1) a report from Dr. Robert L. Jardine; (2) a hospital report relating to the plaintiff's hospitalization from September 23 to October 1, 1971; (3) a report submitted by Dr. Gunter M. Nashelsky; (4) the testimony of the plaintiff.

1. Dr. Jardine first examined the plaintiff in 1953. His most recent examination of the plaintiff prior to the hearing was on January 15, 1973, which is the date of the report that was received in evidence at the hearing. Dr. Jardine's report indicated that the plaintiff suffered an attack of inflammatory rheumatoid arthritis in 1931. In 1954, following a back injury, she was diagnosed as having arthritis of the spine. A roentgenological examination in September, 1971, showed normal chest, hands, and wrists and hypertrophic arthritis in the left knee joint.

The report resulting from the plaintiff's 1971 period of hospitalization indicates a final diagnosis of arthritis of the left knee.

3. Dr. Nashelsky examined the plaintiff on May 2, 1972, at the request of the Social Security Administration. His report indicated "marked osteoarthrosis and loose bodies" within the left knee joint. He found the muscles of the lower left limbs to be "slightly hypertonic but generally normal." The left shoulder showed slight motion tightness; the hips were clear. Although the left knee was somewhat enlarged, flexed to 95 degrees, lacked 2 degrees in full extension, and had slightly diminished dynamics, the doctor concluded that "with weight bearing this is quite functional and does not seem to be symptomatic. She does well on chin to knee testing left and right and her leg length is essentially equal. A full knee squat is not possible because of the discomfort in left knee." Dr. Nashelsky's final comment was that "[w]ith correct choice of occupation such as sitting and light bench type work she should be able to return to gainful occupation within 1 month." (Exhibit 14).

4. The plaintiff's testimony did not conflict with the medical reports in any important respect. Generally, she filled in details of her medical history from 1931. She indicated that the cumulative pain and discomfort resulting from her past and present infirmities was greater than indicated by the medical reports. Specifically, she testified that she suffered from a chronic cough, frequent chest pains, pain while sitting, and high blood pressure.

To establish entitlement to disability benefits, an applicant has the burden of showing that, considering his age, education, and work experience, he is unable to return to his normal occupation. Haley v. Celebrezze, 351 F.2d 516 (10th Cir. 1965). This having been done, the defendant must then submit evidence concerning the plaintiff's ability to perform gainful employment and the availability of such employment. Kirby v. Gardner, 369 F.2d 302 (10th Cir. 1966). However, if the applicant fails to establish his inability to return to his normal occupation, the burden of showing the availability of alternative work never shifts. Keating v. Secretary of HEW, 468 F.2d 788 (10th Cir. 1972).

We do not think that the burden of showing suitable alternative employment opportunities shifted to the defendant in this case. Testimony from the plaintiff established that key-punch operation is a sedentary labor, primarily involving use of the arms and hands. The evidence at the hearing concerning the plaintiff's ability to return to key-punch operation was conflicting, and it was the duty of the Administrative Law Judge to choose among the various opinions offered on that subject. So long as his decision is supported by substantial evidence, it may not be disturbed here. Hedge v. Richardson, 458 F.2d 1065 (10th Cir. 1972).

In our opinion, based upon a thorough review of the administrative record, the final administrative decision is supported by substantial evidence. While we rely primarily upon the report of Dr. Nashelsky, we note in addition the plaintiff's testimony at page 55 of the hearing transcript that she was able to use her hands, arms, and shoulders, and that she was able to walk without the assistance of a cane or of crutches. Such evidence provides ample support for the conclusion that the plaintiff was not prevented by a disability from returning to her former vocation.

We find, therefore, that the administrative decision is supported by substantial evidence in the record; we conclude, consequently, that the administrative decision denying to the plaintiff a period of disability and/or disability insurance benefits must be affirmed. It is therefore

Ordered that the defendant's motion for summary judgment be, and the same hereby is denied,

That the complaint and cause of action be dismissed, and

That judgment be entered for the defendant and against the plaintiff.