Roy L. DAVIS, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

No. 76 C 4660.

United States District Court, N. D. Illinois, E. D.

Sept. 26, 1977.

Morton J. Rubin, Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., J. T. Hynes, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of the defendant Joseph Califano, Jr., the Secretary of Health, Education and Welfare (hereinafter Secretary) for summary judgment. For the reasons hereinafter stated, the motion shall be denied and the case shall .be remanded to the Secretary.

Plaintiff Roy Davis has brought this action to review and set aside a final decision of the Secretary denying his application for permanent disability benefits under 42 U.S.C. § 423. The jurisdiction of this court is invoked under 42 U.S.C. § 405(g) and is not disputed.[1]

On April 22, 1977, the Secretary filed his answer to plaintiff's complaint. Defendant attached, as required by statute, a certified copy of the entire administrative proceedings relating to plaintiff's application for disability benefits. The court has also received the motion for summary judgment and memorandum supporting, answering, and replying to the motion.

The statute providing for judicial review of the disability determination made here, 42 U.S.C. § 405(g), precludes an award of summary judgment. *Johnson v. Weinberger,* 388 F.Supp. 628, 629 (D.Colo.1974); *Torphy v. Weinberger,* 384 F.Supp. 1117, 1119 (E.D.Wis.1974). In contrast to the summary judgment procedure of Fed.R. Civ.P. 56 allowing new factual evidence to be submitted to the court by way of affidavits, section 405(g) review is limited to a determination "upon the pleadings and transcript of the record." Nonetheless, because the entire administrative record is before the court, the case is ripe for review. Accordingly, the court will treat defendant's motion for summary judgment as a motion for an order affirming the decision of the Secretary. Plaintiff's complaint and opposition to the summary judgment motion in effect seek an order reversing the decision of the Secretary or remanding the case to the Secretary for the taking of additional evidence. *Brown v. Secretary of HEW,* 403 F.Supp. 938, 940 (E.D.Wis.1975); *Johnson v. Weinberger,* 388 F.Supp. 628, 629 (D.Colo.1974).

Plaintiff is a fifty-one year old married man with a family. He has not had any educational or occupational training beyond the fourth grade. His reading and writing abilities are severely limited. His entire work experience has consisted of farm manual labor before the age of twenty-one and for a short period in the 1950's as well as manual labor in a foundry in Michigan City, Indiana.

The medical evidence and the plaintiff's testimony before the administrative law

---

1. Although plaintiff does not satisfy the venue requirement of 42 U.S.C. § 405(g) for the bringing of an action in the federal district court for the Northern District of Illinois by nature of his residence in Indiana, the failure of defendant to seasonably object waives the improper venue and does not affect the jurisdiction of this court to hear this particular case. 28 U.S.C. § 1406(b); *Panhandle Eastern Pipe Line Co. v. Federal Power Commission,* 324 U.S. 635, 638–39, 65 S.Ct. 821, 89 L.Ed. 1241 (1945).

judge reveal that he was hospitalized and received treatment for a collapsed lung, chest pains, hypertension, and severe arthritic pains in the knees. His chest condition has been diagnosed as bronchial asthma or chronic bronchitis with a history of pneumothorax. Since being first hospitalized for the above conditions in 1974, plaintiff has on several occasions attempted to return to his foundry job. He has, however, been unable to do so for any significant period of time because of his physical condition. In November, 1975, plaintiff was directed by his physician not to do heavy or manual labor precluding him from continuing in his job at the foundry.

Plaintiff testified at the hearing before the administrative law judge that he is severely limited even in working around the house feeling tired, weak, and painful after only a short time. He also stated that he suffers shortness of breath even while sitting still. Further, he is unable to walk more than a block without severe pains because of a severe arthritic condition.

The vocational witness, Dr. William G. Fischer, testified that plaintiff is precluded from performing his prior work at the foundry. Nonetheless, he found, relying on the Dictionary of Occupational Titles, that plaintiff could engage in limited sedentary work. The administrative law judge concurred in the opinion of the vocational witness and found that plaintiff was not entitled to a disability determination.

Subsequently, plaintiff filed an appeal of the decision with the Appeals Council of the Social Security Administration. On October 25, 1976, plaintiff sent a letter to the Appeals Council requesting more time before the Council's determination for the taking of additional medical tests. The basis of the request was an attached letter of Dr. Martin Shobris suggesting an additional medical work-up of the plaintiff, including a lung diffusion test and a blood gas determination, requiring about fifty or sixty days to complete in order to determine the extent of disability. Dr. Shobris further expressed the opinion that his review of the medical records showed that plaintiff was

totally disabled. The Appeals Council summarily affirmed the decision of the administrative law judge without responding to plaintiff's request.

Plaintiff applied for disability benefits on September 18, 1975, completed the necessary forms, and made all available appeals. The Secretary, adopting the decision of the administrative law judge dated July 15, 1976, found that plaintiff is not under a disability as that term is defined in 42 U.S.C. § 423(d). This action for review followed.

■ The decision to remand lies within the sound discretion of the court. *Brown v. Secretary of HEW,* 403 F.Supp. 938, 942 (E.D.Wis.1975); *Dunn v. Richardson,* 325 F.Supp. 337, 347 (W.D.Mo.1971). The statutory standard for remand provides that the court "may, at any time, on good cause shown, order additional evidence to be taken before the Secretary." 42 U.S.C. § 405(g). The court's role in considering the statutory "good cause" standard was aptly set forth in *Wray v. Folsom,* 166 F.Supp. 390, 395 (W.D.Ark.1958), where the court stated:

> In these circumstances, courts must not require such a technical and cogent showing of good cause as would justify the vacation of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute.

The October 25, 1976, letter of Dr. Martin Shobris, sent to the Appeals Council of the Social Security Administration, raises the issue of whether the determination that plaintiff was not disabled was based on insufficient medical data. Dr. Shobris suggested giving plaintiff additional medical tests. Plaintiff made a timely request to the Appeals Council for the taking of these tests. The Appeals Council improperly summarily affirmed without responding to plaintiff's request. Dr. Shobris' opinion, that plaintiff was totally disabled and that additional tests were necessary made after reviewing the medical records, should not

have been so lightly disregarded. The taking of additional medical tests based on the recommendation of Dr. Shobris constitutes "good cause shown" for remanding because the test results have a bearing upon the question of the extent of plaintiff's disability and ability to engage in any substantial gainful activity, questions that bear "directly and substantially on the matter in dispute." *Kemp v. Weinberger,* 522 F.2d 967, 969 (9th Cir. 1975); *Terio v. Weinberger,* 410 F.Supp. 209, 213 (W.D.N.Y.1976). Further, the court is not aware of any reason why either party will be prejudiced by the introduction of new evidence. *Kemp v. Weinberger,* 522 F.2d 967, 969 (9th Cir. 1975).

■ This cause must be remanded to provide plaintiff with additional medical workup so that a proper decision can be reached concerning plaintiff's disability.

As the Secretary's decision is remanded so that additional medical tests can be taken, this court need not decide at this time whether the final determination was supported by substantial evidence. *Kemp v. Weinberger,* 522 F.2d 967, 968 (9th Cir. 1975).

For the reasons stated, it is therefore ordered that the motion of the Secretary for summary judgment shall be, and the same is hereby, denied.

It is further ordered that this case shall be, and the same is hereby, remanded to the Secretary for the taking of additional evidence and reconsideration of the denial of disability benefits.