Lenn **GOODEN**, Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant.**

No. **CIV.A. 2000–3104 RMU.**

United States District Court, District of Columbia.

March 11, 2002.

Jeffrey B. Clark, Esq., Brant Bishop, Esq., Kirkland and Ellis, Washington, DC, for Plaintiff, Lenn Gooden.

Fred Haynes, Esq., Asst. United States Attorney, Washington, DC, for the Defendant, the Commissioner of the Social Security Administration.

*MEMORANDUM OPINION*

REMANDING THE CASE TO THE SOCIAL
SECURITY ADMINISTRATION FOR
FURTHER PROCEEDINGS

URBINA, District Judge.

## I. INTRODUCTION

This social security case comes before the court on a motion by the defendant, Jo Anne B. Barnhart ("the defendant"), the Commissioner of the Social Security Administration ("SSA"), for relief from a prior court order directing SSA to turn over to the plaintiff, Lenn Gooden ("the plaintiff"), audiotapes from an SSA administrative hearing addressing the plaintiff's grievance for social security benefits and payments. The defendant claims that the audiotapes have been lost and therefore compliance with the court's order is impossible. Also before the court is the plaintiff's request that the cause be remanded to SSA for a rehearing. The central issue facing the court is how best to proceed given these somewhat unusual circumstances. After consideration of the parties' submissions and the relevant law, the court will grant the plaintiff's request to remand the case to SSA to conduct a *de novo* hearing that addresses the plaintiff's grievance in a manner consistent with SSA's own policies.

## II. BACKGROUND

### A. Factual Background

This case has a somewhat long and unusual factual background. The story begins in March 1988, when the plaintiff applied for disability benefits from SSA. *See* Compl. at 1. After holding an administrative hearing, SSA denied the plaintiff's requested benefits. *See id.* The plaintiff appealed SSA's decision in district court, whereby the case was assigned to the cal-endar of Judge Joyce H. Green in November 1988. *See id.* That appeal resulted in a reversal and remand to SSA. *See id.* In 1989, on remand, SSA granted the plaintiff benefits.[1] In 1996, after having received benefits for seven years, SSA determined that the plaintiff's condition had "improved" and, thus, terminated his benefits. *See id.* The ensuing administrative and legal battle regarding termination of the plaintiff's disability benefits is the subject of the dispute currently before the court.

### B. Procedural History

By way of procedural history in the case, after having exhausted his administrative remedies with SSA, the plaintiff again sought relief in district court by filing an 11–count complaint on December 28, 2000. The matter was again assigned to Judge Green. At a status hearing held on May 8, 2001, the parties apparently indicated to Judge Green that there were some disputes as to the accuracy of the administrative record, but once those were resolved, the matter could be decided on the pleadings. Judge Green issued an order on May 9, 2001 ("May 9th Order") directing SSA to turn over the audiotapes of the hearings so that the court could resolve discrepancies in the administrative record. *See* May 9th Order. On June 7, 2001, the case was transferred to this member of the court and on June 29, 2001, SSA filed a motion seeking relief from the May 9th order on account that the requested audiotapes were lost. *See* Def.'s Mot. for Relief at 1. The plaintiff opposed this motion, but failed to request or suggest an alternative remedy to the court. *See* Pl.'s Opp'n at 3. On October 2, 2001, the court issued an order ("October 2nd Order") directing the parties to provide further briefing on the various possibilities of relief that the court could grant as a

---

1. The 1989 finding made by SSA that the plaintiff was disabled resulted in the plaintiff being granted retroactive disability benefits back to 1979. *See* Compl. at 1.

result of the lost audiotapes. *See* October 2nd Order.

The court now turns to the defendant's motion for relief from the court's May 9th order. For the reasons that follow, the court determines that, in the interest of fairness, the case be remanded to SSA for a new hearing that addresses the plaintiff's grievance.

### III. ANALYSIS

The question that the court must address is how to proceed given that SSA is unable to locate the audiotapes of the plaintiff's subject administrative proceeding. Despite this loss, SSA has provided the plaintiff with a written transcript of that proceeding. *See* Def.'s Mem. at 1. The plaintiff, however, contests the accuracy of the transcript and contends that there is no way to confirm or challenge the accuracy of the written transcript without the original audiotapes. *See* Pl.'s Resp. at 1. He urges that a decision of the case on its merits without any attempt to resolve the issue of the transcript's accuracy would be unfairly prejudicial to the plaintiff, who, through no fault of his own, has been unable to adequately correct or challenge the validity of the transcript. This point raises an issue: under the circumstances of this case, is the existence of a written transcript alone adequate to permit a fair judicial review?

### A. Inapplicability of the Federal Rules of Appellate Procedure

█ The defendant cites to the Federal Rules of Appellate Procedure in support of its motion for relief from having to produce the audiotapes of the subject administrative hearing and in opposition to the plaintiff's request to remand the case to the agency. Specifically, the defendant asserts that the court should utilize Federal Rule of Appellate Procedure 10(e)(1) to govern the dispute. Rule 10(e)(1) states that:

[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

*See* FED. R. APP. P. 10(e)(1). Even assuming *arguendo* that the court views its role in this case as appellate in nature, it would still not be bound by the Federal Rules of Appellate Procedure in resolving the instant dispute. A thorough review of the case law in this and other circuits uncovers no instance when a court reasoned, even by analogy, that the proper course of action is to remand the case to the agency below for reconstruction of the record. Therefore, without any authority directing otherwise, the court declines to utilize the Federal Rules of Appellate Procedure in resolving this dispute.

### B. The "Good Cause" Standard

█ While courts are silent regarding the applicability of the Federal Rules of Appellate Procedure in these circumstances, several courts have suggested that remanding the case to the agency is within the bounds of possibility. Judicial review of SSA decisions is governed by the Social Security Act, *as amended* 42 U.S.C. § 405(g), which provides, in pertinent part, that

[t]he court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

*See* 42 U.S.C. § 405(g). The "good cause" standard embodied in Section 405(g), however, does not necessitate such a "technical

and cogent showing of good cause" as would otherwise be required to justify the court's vacation of a judgment or the granting of a new trial. *See Wray v. Folsom*, 166 F.Supp. 390, 395 (W.D.Ark. 1958). Section 405(g) also adds that "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *See* 42 U.S.C. § 405(g). When interpreting this statutory provision, other district courts have held that the decision to remand a case challenging a SSA decision denying social security disability benefits lies within the sound discretion of the court. *See Marcraft Recreation Corp. v. Francis Devlin Co.*, 506 F.Supp. 1081 (S.D.N.Y.1981); *Davis v. Califano*, 437 F.Supp. 978, 980 (D.Ill.1977) (recognizing that the district court has discretion to remand a case to SSA for a rehearing); *Brown v. Secretary of HEW*, 403 F.Supp. 938, 942 (E.D.Wis. 1975); *Dunn v. Richardson*, 325 F.Supp. 337, 347 (W.D.Mo.1971).

## C. Good Cause Exists to Remand the Cause to SSA for a Rehearing

■ Based on the facts outlined herein, and given the apparent impossibility of discovering the audiotapes and clarifying the record to both parties' satisfaction, it is well within this court's discretion to remand the cause to the agency for further review, even though no motion has been made by the Secretary. *See id.* Additional authority also suggests that failure on the part of SSA to obtain files or reconstruct administrative records can result in a finding that good cause exists to remand the case to SSA for appropriate action. *See Davila ex rel. Davila v. Shalala*, 848 F.Supp. 1141, 1144 (S.D.N.Y.1994); *Powell v. Chater*, 959 F.Supp. 1238, 1246 (C.D.Cal. 1997) (finding that a failure on the part of SSA to reconstruct a complete record of an

administrative hearing constitutes good cause for remand); *Wray*, 166 F.Supp. at 395. Thus, the issue becomes whether good cause exists to justify remanding the case to SSA for a rehearing. *See id.* In this instance, while the agency did not fail completely in producing a record of the subject administrative hearing that took place, the nature and strength of the plaintiff's allegation suffice to warrant a remand to SSA for further review.

The court observes that the agency has not lodged a motion to remand. An interpretation of Section 405(g), not adopted by this court, would require such a motion as a prerequisite for remand to occur. This court's view, however, is that allowing a remand only in instances when SSA requests one would constitute an abdication of the court's duty to assess and act on these issues independently. Accordingly, the court exercises its discretion by referring this case back to the agency for further proceedings.

## IV. CONCLUSION

For all of the foregoing reasons, the court grants the plaintiff's request for a remand. The court also instructs SSA to conduct a *de novo* hearing, consistent with its existing procedures, in an attempt to create a complete and accurate administrative record so that, if necessary, full and effective judicial review can occur. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of March 2002.

### *ORDER*

REMANDING THE CASE TO THE SOCIAL SECURITY ADMINISTRATION FOR FURTHER PROCEEDINGS

For the reasons stated in the court's Memorandum Opinion separately and contemporaneously issued, it is this _____ day of March 2002,

154

**ORDERED** that this case is **REMAND-ED** to the Social Security Administration to conduct a *de novo* hearing, consistent with its existing procedures.

**SO ORDERED.**