**Eileen K. TAYLOR, Plaintiff–
Appellant,**

v.

**COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.**

No. 01–1343.

United States Court of Appeals,
Sixth Circuit.

Aug. 16, 2002.

Before SUHRHEINRICH and
.BATCHELDER, Circuit Judges;
LITTLE, District Judge.*

This is an appeal from a district court
judgment affirming a decision to deny an
application for Social Security disability
benefits. The parties have agreed to
waive oral argument and, upon examina-
tion, this panel unanimously agrees that
oral argument is not needed. Fed. R.App.
P. 34(a).

Eileen K. Taylor filed an application for
Social Security disability benefits on Au-
gust 9, 1996, based on claimed debilitating
epilepsy and depression. The application
proceeded to an evidentiary hearing before
an administrative law judge ("ALJ") who
concluded that Taylor was not entitled to
the benefits sought. The ALJ's conclusion
became the final decision of the Commis-
sioner when the Appeals Council denied
review. Taylor then took an appeal from
this decision to the district court on the
authority of 42 U.S.C. § 405(g). The mat-
ter was referred to a magistrate judge who
recommended that the Commissioner's de-
cision should be affirmed. The district
court adopted this recommendation over
Taylor's objections and this appeal fol-
lowed.

Taylor applied for disability benefits un-
der the Social Security Act on August 9,

* The Honorable F.A. Little, Jr., United States
District Judge for the Western District of Lou-

isiana, sitting by designation.

942

1996, at the age of thirty-two. Taylor claimed to be disabled owing to epilepsy and depression with an alleged onset date of November 30, 1986, and as of March 31, 1993, the date she was last insured for Social Security benefits. The application eventually proceeded to a hearing before an ALJ, at which Taylor was represented by counsel. The parties presented testimony as well as documentary evidence. The evidence of record, the substantial nature of which is not at issue here, shows that Taylor has a high-school education and last worked as a resident manager of residential rental property. *There was no contemporaneous medical evidence presented from November 30, 1986 through March 31, 1993.* Instead, Taylor presented some medical evidence compiled after her insured status had expired that was only moderately supportive of her claim and, in some cases, directly contradicted her oral assessment of the frequency and disabling nature of her epileptic seizures. Taylor testified as to the numerous household activities she routinely performed as well as some volunteer work. Finally, a vocational expert testified as to the number of jobs available in the economy with one of Taylor's residual functional capacity. The ALJ concluded from this evidence that, although Taylor suffered from a severe seizure disorder, she was not disabled as of March 31, 1993 because: 1) Taylor could perform her past work as a resident manager of rental property, and 2) she retained the residual functional capacity to perform a sufficient number of jobs that existed in the economy.

Counsel for Taylor presented additional evidence to the Appeals Council along with her appeal from the ALJ's decision. This medical evidence, compiled in 1998, was submitted presumably in an effort to obtain a remand. The Appeals Council did not order a remand, but did adopt the decision of the ALJ as the Commissioner's final determination.

Taylor then obtained new counsel, she took her appeal to the district court on the authority of 42 U.S.C. § 405(g), and the matter was referred to a magistrate judge. The magistrate judge listed Taylor's appellate claims, all of which were variations on a claim that the Commissioner's decision was not supported by substantial evidence. The magistrate judge reviewed the evidence and concluded, with little serious opposition, that the Commissioner accurately found that virtually none of the medical evidence of record shows any contemporaneous diagnosis of disabling epilepsy or depression prior to March 31, 1993. The magistrate judge rejected Taylor's claims, the district court adopted the recommendation to affirm and, on the present appeal, counsel for Taylor does not challenge the accuracy of these findings. Counsel instead argues that Taylor's first attorney was incompetent and did not produce additional medical evidence, appended to her appellate brief. She therefore requests a "sentence six" remand to the Commissioner so that the evidence may be considered. In addition, counsel also claims, for the first time, that the ALJ erred in not obtaining the services of independent medical experts in evaluating Taylor's claim.

The request for a "sentence six" remand is completely unsupported in law or fact. The sixth sentence of 42 U.S.C. § 405(g) reads:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commis-

sioner of Social Security, but only upon a showing that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

When a district court issues a "sentence six" remand order, it "does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *see also Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 173–75 (6th Cir.1994). A remand is possible only if the claimant satisfies her burden, *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988), to demonstrate that the evidence is new and material, and that good cause exists for her failure to introduce the evidence at the administrative level. *Willis v. Secy. of Health and Human Servs.*, 727 F.2d 551, 553 (6th Cir.1984). Materiality in this context means that there is a reasonable probability that the Commissioner would have decided the case differently had the evidence been considered. *Sizemore*, 865 F.2d at 711.

Taylor's counsel cannot prevail on her "sentence six" request. First, there is ab-

solutely no statutory or decisional authority for her unstated, but unmistakable, premise that the alleged incompetence of Taylor's first attorney constitutes "good cause" in this context. In addition, all of the proposed "new" evidence was in existence at the time of the hearing, but it was not produced for whatever reason. Finally, the proposed "new" evidence is all dated *after* March 31, 1993. Supplementing the record with more evidence that does not provide contemporaneous, pre-March 31, 1993, support for Taylor's claimed disabling condition could not possibly lead the Commissioner to a different result. This request lacks merit.

Finally, Taylor's counsel argues that the ALJ erred in failing to obtain the services of medical experts in order to ascertain with more certainty the onset date of Taylor's disability. This argument completely ignores the reality that, not only did the Commissioner (through the adoption of the ALJ's findings) find that Taylor was not disabled, but Taylor's counsel has, in effect, conceded this by failing to pursue a "substantial evidence" argument. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.