**Charles E. FOUCH Appellant,**

v.

**\*Joanne B. BARNHART, Commissioner of Social Security, \*(Pursuant to Rule 43(c), F.R.A.P.).**

No. 03–1180.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 11, 2003.

Decided Oct. 16, 2003.

Thomas A. Testi, Fairview, PA, for Appellant.

Elizabeth A. Corritore, Philadelphia, PA, for Appellee.

Before ALITO, BARRY and AMBRO, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Charles E. Fouch appeals the District Court's order granting summary judgment in favor of the Commissioner of the Social Security Administration (the "Commissioner") who denied Fouch's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401–33,

1381–83f.[1]  Because we conclude that the Commissioner's decision is supported by substantial evidence, we affirm.

## I.

Fouch has a tenth grade education and in the past worked as a wood cutter/stacker.  He applied for disability benefits on February 1, 1996, alleging disability since June 1994.  He claimed chronic back pain, as well as pain in his arms, shoulders and legs.  His claim was denied initially and on reconsideration by the Commissioner.  Fouch requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 26, 1998.  The ALJ found that Fouch was not disabled and denied his claim.  The Appeals Council granted Fouch's request for review and remanded the ALJ's decision for a new hearing.

The ALJ held a second hearing on November 3, 2000.  At this hearing, he considered the medical opinions of several physicians.  Fouch was diagnosed with low back pain which was probably degenerative disk disease.  The evidence introduced is summarized below.

In March 1996, Garrett W. Dixon, M.D., conducted a clinical evaluation of Fouch and found that he was frequently able to lift and carry up to twenty pounds despite his back pain.  Dr. Dixon also observed that Fouch was able occasionally to climb, stoop, kneel, crouch, and crawl, and had no impairments in reaching, handling, or dexterity.

In July 1996, David A. Sundean, Ph. D., conducted a psychological assessment of Fouch.  Dr. Sundean, who observed

Fouch's intellectual ability to be below average, nevertheless concluded that he was able to understand, retain, and follow instructions for fairly complex tasks as long as verbal comprehension skills were not required.

In February 1998, Fouch was diagnosed with sarcoma, a type of cancer that required surgery to remove a major portion of muscle in his left thigh.  Kenneth M. Yaw, M.D., who performed the surgery, reported in May 1998 that Fouch was doing well.

Richard A. Ortoski, M.D., began treating Fouch in July 2000.  After three interviews with Fouch, Dr. Ortoski opined that he was unable to think of an employment situation that would not aggravate Fouch's condition.

At the hearing, Fouch testified that he was unable to work because of his back and leg pain and that he "ache[d] all over."  However, Fouch conceded that he was capable of driving 400 miles to visit his relatives in Kentucky.  The record also shows that Fouch takes a walk every day, goes to the grocery store, reads the newspaper, and plays a card game on a computer.

The ALJ concluded that Fouch was not disabled.  After his request for review was denied by the Appeals Council, Fouch filed an action in the United States District Court for the Western District of Pennsylvania seeking judicial review of the ALJ decision.  Both parties moved for summary judgment.  The District Court granted the Commissioner's request for summary judgment while denying Fouch's motion.  He appeals.[2]

---

1.  Here, because the relevant regulations and statutory provisions of SSI are the same as those of DIB, we will refer to both as disability benefits in the text.

2.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

"Although our review of the District Court's order for summary judgment is plenary, 'our review of the ALJ's decision is more deferential as we determine whether there is substantial evidence to support the decision of the Commissioner.'" *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir.2001) (quoting *Knepp v. Apfel,* 204 F.3d 78, 83 (3d Cir.2000)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir.1995). Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999). Thus, the issue before us is whether the ALJ's finding that Fouch was not disabled, and thus not entitled to disability benefits, is supported by substantial evidence.

## III.

### A.

To qualify for disability benefits, a claimant must be disabled under the Social Security Act. Disability is defined in the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2003). A person is unable to engage in substantial gainful activity when "his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

The Commissioner's regulations provide a five step analysis in evaluating disability claims under the Act. 20 C.F.R. § 416.920. This process requires the Commissioner to consider, in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the claimant's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. *Id.; Sykes v. Apfel,* 228 F.3d 259, 262–63 (3d Cir.2000).

In this case, the ALJ applied the five step evaluation and concluded that Fouch is not disabled under the Act, finding that, among other things: (1) Fouch has impairments considered severe but his low average intelligence is not a severe impairment; (2) he has the residual functional capacity of light work involving lifting twenty pounds occasionally, standing and walking two to six hours, sitting about six hours, and occasionally performing all postural movement; and (3) his back and knee pain do not prevent him from performing his past relevant work, or a wide range of other light jobs in the national economy, even considering his non-severe low average intelligence.

### B.

■ Fouch first argues that the ALJ's decision is not supported by substantial evidence because the ALJ improperly dismissed the opinion of his treating physician, Dr. Ortoski, that he "could not think of an employment situation that would not

aggravate Fouch's condition."[3] We disagree.

In considering disability claims, the ALJ should give the treating physicians' opinions great weight, "especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir.1999) (quoting *Rocco v. Heckler,* 826 F.2d 1348, 1350 (3d Cir.1987)). The ALJ may reject "'a treating physician's opinion outright only on the basis of contradictory medical evidence' and not due to his or her own credibility judgments, speculation or lay opinion." *Morales v. Apfel,* 225 F.3d 310, 317 (3d Cir. 2000) (citing *Plummer,* 186 F.3d at 429; *Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir.1988); *Kent v. Schweiker,* 710 F.2d 110, 115 (3d Cir.1983)). When a conflict in the evidence exists, however, the ALJ may choose whom to credit provided that s/he considers all the evidence and gives some reason for discounting the evidence s/he rejects. *Plummer,* 186 F.3d at 429.

Here, the ALJ discredited a portion of Dr. Ortoski's opinion because whether there are any jobs for Fouch is a judgment reserved to the Commissioner and thus beyond the doctor's range of expertise. Morever, the District Court noted, Dr. Ortoski's conclusive remark about job availability is not a medical opinion.

Even if it was a medical opinion, the record shows that the ALJ considered a number of other physicians' opinions in detail before discounting Dr. Ortoski's conclusion. Dr. Dixon, for example, reported that Fouch was frequently able to lift and carry up to twenty pounds despite his back pain. According to Dr. Dixon, Fouch was also able occasionally to climb, stoop, kneel, crouch, and crawl, and had no impairments in performing other physical functions such as reaching, handling, or dexterity. The ALJ chose to accord more weight to Dr. Dixon's opinion than to Dr. Ortoski's and concluded that Fouch had a residual functional capacity for essentially light work. The ALJ may make such a choice when conflicting medical evidence exists and the reasoning is given for that choice. That occurred here.

In addition, a vocational expert testified that light work jobs Fouch is able to perform—such as a sandwich maker, vehicle cleaner, and hand packer—exist in significant numbers in the national economy. Thus, even if relevant, the ALJ's decision to discount Dr. Ortoski's opinion about job availability is supported by substantial evidence.

### C.

■ Fouch next challenges the ALJ's finding that he did not have a severe mental impairment. Fouch argues that his difficulty in reading and writing because of his low average intelligence and his emotional distress and disorder showed severe mental impairment.[4] Again we disagree.

Although a psychiatric or psychological examination is often involved in assessing mental impairment, the ALJ is not required to do so. *Id.* at 433. However, the ALJ has a duty to consider carefully all evidence of mental health impairment in the record. *Id.* at 433. S/he then determines the extent of mental impairment by rating severity of restrictions on four areas of activities: daily living, social functioning, concentration, and task persistence. 20 C.F.R. 404.1520a.

The ALJ considered Fouch's testimony and Dr. Sundean's psychological assessment report in finding that Fouch's mental

---

**3.** Dr. Ortoski's opinion is expressed in his answers to interrogatories.

**4.** Dr. Sundean's test of Fouch's intelligence shows that his full scale IQ score is 82.

impairment is not severe. Fouch's own testimony shows, among other things, that he reads the newspaper, drives a car for extended distances, goes shopping, and plays card games on a computer. Moreover, after evaluating Fouch, Dr. Sundean concluded in his report that

> Mr. Fouch is able to understand, retain and follow instructions for fairly complex tasks so long as verbal comprehension skills are not required. His ability to sustain attention and perform repetitive tasks appear to be in the normal range. His relations to others including fellow workers and supervisors might tend to be somewhat on the gruff, masculine side but entirely satisfactory. His toleration of day to day work pressures or production demands and schedules does not appear to be limited by intellectual or emotional factors.

Based on this and other evidence in the record, the ALJ determined that Fouch's low-average intelligence had only a mild effect on his daily living activities, concentration, and persistence, and no effect on his social functioning. Accordingly, the ALJ had ample justification to find that Fouch's mental impairment was not severe.

### D.

Finally, Fouch argues that we should order a remand based on the new evidence submitted to us for the first time. We have no reason to do so.

We have previously held in *Matthews v. Apfel* that when a claimant seeks to rely on evidence that was not before the ALJ the District Court may remand the case, but only when the claimant satisfies the burden of showing good cause why that evidence was not presented to the ALJ. 239 F.3d 589, 594 (3d Cir.2001) (submission of the vocational expert's new report seven months after the ALJ's decision did not satisfy the good cause requirement because the same expert was available during the ALJ hearing and the claimant did not explain the failure to obtain such a report at that time).[5]

In this case, Fouch's purported new evidence is a two-page letter dated March 10, 2003 from Dr. Ortoski, who stated that Fouch was "totally and permanently disabled" as of October 23, 2000.[6] Fouch does not explain why he failed to obtain Dr. Ortoski's letter at a time when it could be considered by the ALJ, especially when Dr. Ortoski was treating him at that time. Nor does he give a reason why he had to wait more than two years after the ALJ's decision to attempt to obtain such a letter.[7] Therefore, we conclude that Fouch has failed to provide any

---

**5.** We noted that "it is a much sounder policy to require claimants to present all material evidence to the ALJ and prohibit judicial review of new evidence unless there is good reason for not having brought it before the ALJ. Such a holding is instrumental to the speedy and orderly disposition of Social Security claims." *Matthews,* 239 F.3d at 595.

**6.** The letter is probably not "new" evidence because, as Fouch concedes, the purpose of the letter is to "clarify" Dr. Ortoski's opinion at the ALJ hearing. The letter is also likely to be not "material" evidence because it trenches upon the judgment of disability reserved to the Commissioner. However, we need not reach a conclusion on these issues because we decide that Fouch did not satisfy the good cause requirement.

**7.** As a possible explanation, Fouch claims that his condition has deteriorated since the ALJ hearing and this new letter provides information about his current condition. However, we are not to consider evidence about Fouch's current condition because a claimant can only submit additional evidence when "it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

good cause why he did not present this evidence before the ALJ.[8]

## IV.

Accordingly, we affirm the decision of the District Court upholding the Commissioner's denial of disability benefits.

---

8. Obviously we are not bound by a 1970 District Court decision out of the Eastern District of Tennessee, *Collins v. Finch,* 323 F.Supp. 1262 (E.D.Tenn.1970), the only case Fouch cites in support of his new evidence argument. We do not agree with his contention that this case represents "current and controlling case law...."