**Bryn R. SHUTER, Plaintiff,**

v.

**Michael ASTRUE, Commissioner of Social Security, Defendant.**

**Civil Action No. 07–698.**

United States District Court,
E.D. Pennsylvania.

March 5, 2008.

Beth Arnold, Binder and Binder, Merion, PA, for Plaintiff.

Joyce M.J. Gordon, William Brian Reeser, Social Security Administration, Philadelphia, PA, for Defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Plaintiff, Bryn Shuter, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Commissioner of the Social Security Administration, Michael Astrue ("defendant"), denying his claim for disability insurance benefits ("DIB"), under Title II of the Social Security Act, 42 U.S.C.

755

§§ 401–403. Before the Court is a Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, the defendant's objections thereto and the plaintiff's response to the defendant's objections.

Magistrate Judge Scuderi has recommended that the Court remand the case to allow the Administrative Law Judge ("ALJ") to consider new evidence. The defendant objects, stating that the decision of the ALJ to dismiss the claim is supported by substantial evidence, and that the plaintiff has not met his burden of demonstrating the necessity for a remand.

For the following reasons, the Court will reject the Report and Recommendation and affirm the decision of the ALJ.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on June 4, 2003, alleging disability due to the residual effects of a stroke he suffered on May 13, 2003. Following the denial of his claim, the plaintiff requested an administrative hearing before an ALJ which was ultimately held on December 17, 2004. On May 31, 2005, again, plaintiff's claim was denied because the ALJ found that the plaintiff was not suffering from a "disability" as defined by the Social Security Act.[1] A.R. at 76. His request for appeal was denied by the Appeals Council on December 29, 2006, leading the plaintiff to file this instant action.

## II. FACTUAL BACKGROUND

Plaintiff was 49 years old at the time of the ALJ's decision. A.R. at 77. He was born in the United Kingdom and moved to the United States in 1983. A.R. at 271. He is married and has two daughters. A.R. at 156. He is a high school graduate with some college education, has specialized training in computer programming

and past relevant work as a computer systems analyst and programmer. A.R. at 76, 271–273. Since May 13, 2003, plaintiff has not engaged in any gainful employment. A.R. at 76.

## III. DISCUSSION

### A. Standard of Review

■■■ Although the Court is tasked with determining whether the decision of the ALJ is supported by substantial evidence, 42 U.S.C. § 405(g), great deference must be shown to the findings of the ALJ. *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir.2001) Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). In addition, "an administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris,* 642 F.2d 700, 704 (3d Cir.1981). The Court must review sections of the Magistrate Judge's Report and Recommendation to which objections are made *de novo.* 28 U.S.C. § 636(b). The Court "may accept, reject or modify, in whole or in part," the Magistrate Judge's findings and recommendations. 28 U.S.C. § 636(b)(1). Finally, a district court may not undertake a de novo review of the commissioner's decision or re-weigh the evidence. *Monsour Med. Ctr. v. Heckler,* 806 F.2d 1185, 1190 (3d Cir.1986).

### B. Establishing Eligibility Under the Social Security Act

Under the Social Security Act, a disability is defined as an "inability to engage in any substantial gainful activity by reason

1. *See* Section B, *infra.*

of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). "The impairment must be so severe that the claimant is not only unable to do his [her] previous work but cannot, considering his [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Duncan v. Barnhart,* 2006 WL 293409, at *2, 2006 U.S. Dist. LEXIS 4984, at *5 (E.D.Pa. Feb. 9, 2006) (quotations omitted); 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step process to determine whether a petitioner is disabled:

(1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether she can perform work she has done in the past despite the severe impairment—if she can, she will be found not disabled; and (5) if the claimant cannot perform her past work, the Commissioner will consider the claimant's RFC, age, education, and past work experience to determine whether she can perform other work which exists in the national economy.

*Schaudeck v. Comm'r of Soc. Sec. Admin.,* 181 F.3d 429, 431–32 (3d Cir.1999).

### C. The ALJ's Decision

Here, the ALJ determined that although Mr. Shuter's impairment was severe (Step 2), his impairment did not prevent him from performing his recent occupational duties[2] (Step 4). The ALJ also concluded that the plaintiff was not disabled as defined by the Social Security Act at any time through the date of the ALJ's decision. A.R. at 76–77.

The plaintiff disagreed with the above findings, arguing that the ALJ did not take into account the records of plaintiff's physician, Dr. Karen Squire, which were generated prior to the ALJ's decision but which plaintiff had not submitted at the time of the ALJ's decision. Plaintiff also argues that the ALJ's decision was not based upon substantial evidence. The Magistrate Judge, upon completing an independent review of the record, agreed and recommended the case remanded in order for the ALJ to consider the records of Dr. Karen Squire which the Magistrate Judge found to be new and relevant evidence.

### D. The Records of Dr. Karen Squire

■ 42 U.S.C. § 405 states:

The Court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause of the failure to incorporate such evidence into the record in a prior proceeding.

In order for the ALJ to consider any evidence which a claimant did not offer at the initial proceeding, the claimant must show that the evidence being proffered is

---

**2.** The ALJ found that the plaintiff's past employment involved skilled, but sedentary work and that the plaintiff, in spite of his injury, could still perform sedentary work with some weight and duration restrictions. A.R. at 76–77.

(1) new, (2) material, and (3) there is good cause for failing to incorporate the evidence into the administrative record. *Szubak v. Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir.1984). All three prongs must be satisfied for the additional evidence to be admitted. Dr. Squire's records in this case, generated prior to the ALJ decision, consists of;

- A list of medications provided to the plaintiff beginning on September 16, 2003, and ending on May 5, 2005;
- A series of progress notes compiled by Dr. Squire;
- Various letters written by Dr. Squire to the plaintiff and plaintiff's counsel.

### 1. The Evidence Must be New

■ The Third Circuit has held that in order to be new, evidence must not be merely cumulative of what is already in the record. *Szubak*, 745 F.2d at 833. However, at times the Third Circuit has allowed "corroborating" evidence to constitute new evidence, *id.* at 834, while at other times holding that "clarifying" evidence does not. *Fouch v. Barnhart*, 80 Fed.Appx. 181, 187 (3d Cir.2003) (non-precedential).

■ In this case, the only evidence examined by the ALJ was the report of a state agency consultant, the opinion and findings of consultive examiner Dr. Stanton Bree, M.D.,[3] the physical therapy records from Bryn Mawr Rehabilitation and the plaintiff's own testimony. A.R. at 75 & 283. In fact, the ALJ referred to the record before him as being "thin," A.R. at 283, and specifically requested the files

from Dr. Squire so as to fully develop the record. A.R. at 284. Dr. Squire was the plaintiff's treating physician for a period of at least eight years and his records offer a wealth of information that the ALJ conceded was lacking from the administrative hearing. Thus, the records of Dr. Squire are in fact new and not merely cumulative.

### 2. Materiality

■ Evidence is material if it is "relevant and probative" and there is a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." *Szubak*, 745 F.2d at 833. Importantly, the evidence must relate to the time period for which benefits were denied and "must not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Id.* A plaintiff only need demonstrate that there is a reasonable possibility that the ALJ would have come to a different conclusion, an arguably lax standard. *See Newhouse v. Heckler*, 753 F.2d 283, 287 (3d Cir.1985) (holding that the burden of showing materiality, namely the reasonable possibility standard, is not great). The *Newhouse* Court also held that the standard, "while requiring more than a minimal showing, need not meet a preponderance test." *Id.* In this case, Dr. Squire's records are pertinent to the time period in question insofar as they concern the plaintiff's condition from the date the plaintiff first complained of his injuries, May 13, 2003, to the date of the ALJ decision, May 31, 2005.[4]

---

**3.** However, while the ALJ considered Dr. Bree's records, his opinions were given little weight after a finding that there was "no reasonable objective support in the record" for them. A.R. at 76.

**4.** As the Magistrate Judge acknowledged, those records pertaining to events after May 31, 2005, should not be considered and should be excluded from review. In fact, the

briefs submitted by both parties omit discussion of those records authored after the ALJ hearing. Those records consist of: Dr. Squire's progress notes from January 3, 2006 through April 12, 2006, A.R. at 7, October 4, 2005, A.R. at 49, July 8, 2005 through September 21, 2005, A.R. at 50, and June 20, 2006, to August 18, 2006, A.R. at 8; laboratory and pathology reports dated July 11, 2006 and July 12, 2006, A.R. at 9–13; a pathology

■ Based on the record, the Magistrate Judge concluded that there was a reasonable possibility that had the ALJ been provided with Dr. Squire's records, he would have decided the plaintiff's claim differently. To support this conclusion, the Magistrate Judge identified several progress notes that shed light on the plaintiff's condition that were absent from the administrative proceedings. For example, in a progress note dated October 26, 2004, Dr. Squire noted that the plaintiff had "continued difficulty with buttons, clothing and zippers," and had "emotional lability and breaks out in tears or breaks out in a giggle at socially inappropriate times." A.R. at 44–46. The note also states that, "[plaintiff's] dexterity is poor in the right hand but he can use computer with one finger" and then at the end of the same note states, "I doubt whether he will get back to his work in the computer field." *Id.*

On balance, given that the notes bear clearly both on the magnitude of the plaintiff's injuries and on the time period to which the records apply, there is a reasonable possibility that Dr. Squire's records would have changed the outcome of the ALJ decision. *Newhouse* 753 F.2d at 287.[5]

### 3. *Good Cause*

■ Good cause must also be shown for failing to submit additional evidence during the administrative proceeding. *Matthews v. Apfel,* 239 F.3d 589, 594 (3d Cir.2001). The rationale behind the good cause requirement is to prevent an "end-run method of appealing an adverse ruling from the Secretary." *Szubak,* 745 F.2d at 834 (holding that the requirement prevents claimants from having more than one bite at the apple). The good cause requirement protects the integrity of the system.

Some courts have defined good cause as requiring a claimant to show "some justification" for failing to submit the evidence. *Szubak,* 745 F.2d at 834; *Cunningham v. Apfel,* 2001 WL 892796, *7–8, 2001 U.S. Dist. LEXIS 11269, *25 (E.D.Pa. Aug. 2, 2001). Others have referred to good cause as having "good reason" for failing to submit the evidence to the ALJ in the first place. *Matthews,* 239 F.3d at 595. The burden of demonstrating good cause rests with the plaintiff. *Id.*

■ In this case, the only argument made by the plaintiff in his attempt to demonstrate good cause is that because of attorney error, certain records compiled by Dr. Squire were not submitted to the ALJ as requested. The plaintiff claims

report dated September 9, 2005, A.R. at 51; an impairment questionnaire prepared by Dr. George Abraham on February 2, 2006, A.R. at 53; and Dr. Abraham's progress notes dated July 8, 2005 to September 9, 2005, A.R. at 62–64.

There has been no argument that the records authored by Dr. Squire after the ALJ decision should be resubmitted to the ALJ. As such, the Court declines to consider them for remand. In any event, the Third Circuit has minimal guidance with regard to evidence that was authored after an ALJ decision. In *Matthews v. Apfel,* the plaintiff was unable to satisfy the good cause requirement having waited seven months after the ALJ decision to submit a vocational expert's later-drafted re-

port. The Court recognized that the same expert could have drafted and provided his report at the ALJ hearing and that for some unidentified reason, the plaintiff failed to acquire it. 239 F.3d 589, 594 (3d Cir.2001). As a practical matter, it would be counterproductive and against the purpose of § 405(g) to allow a plaintiff whose claim was denied by an ALJ to seek a secondary opinion or diagnosis from another doctor and then to label the opinion "new evidence" entitling the plaintiff to a remand.

5. In *Szubak,* the Third Circuit first outlined a "reasonable possibility" standard with regard to the materiality requirement. 745 F.2d at 833.

that the reason for failing to submit Dr. Squire's records into the administrative record was due to a "misunderstanding between myself and my representative." A.R. at 70. The plaintiff argues that this "misunderstanding" constitutes attorney error, and therefore, that there is good cause for failing to submit the records to the ALJ. Thus, the plaintiff's argument has two prongs: one, that the failure to submit the additional evidence amounts to attorney error and; two, that this type of attorney error rises to the level of good cause.

Plaintiff's argument fails. The record is bare as to the details of this misunderstanding and no further indication exists for why the records were not supplied. In fact, in his response to the defendant's objections to the Report and Recommendation, the petitioner admits, "the record simply does not shed more specific light on the reason that former counsel failed to submit these records." *See* Pl.'s Resp. Def.'s Obj. 3. All that is readily apparent is that the ALJ asked for the records and

delayed closing the administrative record[6] so as to allow for their submission,[7] that plaintiff's then-counsel indicated that he would not be submitting them,[8] and that with regard to some purported agreement that is not explained, the plaintiff was under the misunderstanding that his then-attorney would submit them as requested.[9] By contrast, neither the plaintiff nor counsel has submitted an affidavit explaining the circumstances surrounding the alleged misunderstanding, the timing of this alleged misunderstanding, or in what way the plaintiff's expectations were not met by his attorney. Importantly, absent speculation, there is no indication that this misunderstanding was in any way related to Dr. Squire's records.

In short, the plaintiff has not carried the burden of showing that the records were not submitted due to attorney error.[10] Plaintiff's unsubstantiated and unexplained claim that the failure to submit Dr. Squire's records was due to a "misunderstanding between myself and my representative" does not rise to the level of good

6. The *Matthews* Court was faced with very similar circumstances. There, the ALJ kept open the administrative record so as to allow the plaintiff to submit necessary medical records to support her case. Despite this accommodation, no further records were submitted and the ALJ denied relief. The district and circuit courts both held that in light of the opportunity to timely submit the relevant records, good cause was not shown for plaintiff's failure to do so. *Matthews*, 239 F.3d at 595. Here, the ALJ went a step further and specifically requested particular medical documents he thought to be necessary and cautioned the plaintiff that it would be in his best interests not to rely on Dr. Bree's records. A.R. 283.

7. A.R. at 169.

8. *Id.*

9. *Id.* at 70.

10. On February 7, 2008, the Court heard oral argument in the case in an effort to better understand plaintiff's argument that the fail-

ure to file Dr. Squire's records had been the result of a "misunderstanding." At the hearing, the Court inquired why present counsel had not spoken to prior counsel or why an affidavit of the plaintiff had not been submitted explaining the circumstance surrounding the "misunderstanding between myself and my representative." Present counsel candidly admitted that she had not contacted prior counsel. Following the hearing, present counsel apparently did attempt to contact prior counsel and only then learned that prior counsel had passed away six months earlier in August of 2007. According to present counsel, a paralegal at the office of prior counsel told present counsel that only a "skeletal file" was left of plaintiff's case at the office. While the above explains present counsel's difficulty in trying to contact prior counsel, it does not shed any light on why the decision was made not to submit Dr. Squire's records in the first place.

cause. *Matthews*, 239 F.3d at 595; *Taylor v. Comm'r of Soc. Sec.*, 43 Fed.Appx. 941, 943 (6th Cir.2002) (non-precedential).[11]

### E. The Decision of the ALJ Was Supported by Substantial Evidence

■ Even if the administrative record before the ALJ could be construed to support a contrary conclusion, the decision of the ALJ will not be overturned as long as there is substantial evidence to support it. *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir.1986). Substantial evidence is "more than a mere scintilla," and is such that a "reasonable mind might accept as adequate." *Burnett v. Apfel*, 220 F.3d 112, 118 (3d Cir.2000). "An ALJ must give serious consideration to a claimant's subjective complaints ... even where those complaints are not supported by objective evidence." *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir.1993). In the absence of contradictory evidence, the ALJ must accept the medical judgment of a treating physician. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir.1991); *Green v. Schweiker*, 749 F.2d 1066, 1070 (3d Cir.1984) (where complaints are supported by medical evidence, the ALJ may not discount them without contrary medical evidence). Plaintiff argues that the decision of the ALJ was not based upon substantial evidence because the ALJ did not consider the opinion of Dr. Bree, only his records, and that the ALJ failed to consider the records of Dr. Squire.

■ With regard to the records of Dr. Squire, the law in the Circuit is clear that evidence that was not before the ALJ, Dr. Squire's records in this case, cannot be used to argue that the ALJ decision was not supported by substantial evidence. *Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir.1991) (citing *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715, 83 S.Ct. 1409, 10 L.Ed.2d 652, (1963)) ("A decision may be supported by substantial evidence even though it could be refuted by other evidence that was not presented to the decision-making body ..."); *Matthews*, 239 F.3d at 594–95 (holding that the holding in *Szubak* was, specifically, to remand to consider new evidence, not that the ALJ decision was not based on substantial evidence). The Magistrate Judge, in discussing whether the ALJ decision was based upon substantial evidence, found important the omission of Dr. Squire's records. This calculus was in error. Unsubmitted evidence does not bear upon the substantiality of an ALJ decision. *Id.* Otherwise, § 405 would be rendered moot; claimants could bypass the newness, materiality and good cause requirements by introducing previously unsubmitted evidence to a district court to further an argument that the ALJ decision was not based upon substantial evidence.

As for the fact that the ALJ gave relatively little weight to the opinion of Dr. Bree, a consultive medical examiner, this too does not necessitate a remand. The ALJ commented that the records of Dr. Bree were "not supported by the physician's own findings and narrative report" and had no "reasonable objective support in the record." A.R. at 76. Dr. Bree's suggested limitation on reaching, handling, feeling and fingering based upon de-

---

11. The Magistrate Judge found that good cause existed for plaintiff's failure to provide the ALJ with Dr. Squire's medical records as Judge Scuderi was "reluctant to recommend that good cause not be found in a case of attorney error." But, the question of whether attorney error constitutes good cause is not relevant here because there is insufficient evidence that there was any attorney error to begin with. However, the Sixth Circuit, the only circuit court to comment on the issue, has noted that it lacked statutory and decisional authority and was disinclined to order a remand for this reason. *Taylor*, 43 Fed. Appx. at 943.

creased sensation was countered by his finding that the plaintiff's sensation was "intact in both upper and lower extremities," and the imposition of postural limitations were unsubstantiated. *Id.*; *see Jones,* 954 F.2d at 129 (holding an unsupported diagnosis is not entitled to significant weight); *Adorno v. Shalala,* 40 F.3d 43 (3d Cir.1994) (requiring an ALJ to review all the medical findings and other evidence presented in support of the attending physician's opinion); *Ortega v. Comm'r of Soc. Sec.,* 232 Fed.Appx. 194, 197 (3d Cir.2007) (nonprecedential) (treating cardiologist's opinion which was unsupported by his own objective findings was properly rejected). The opinion of a physician, like that of any expert, is entitled to no deference when his own objective findings do not support the physician's medical conclusion.

 In this case, the ALJ considered the records and opinions of Dr. Bree and the state agency medical consultant. He then itemized those occupations available to someone with the plaintiff's physical impairments. *Id.* The ALJ's ultimate conclusion that the plaintiff was not disabled was substantially based upon his finding that the plaintiff, even with his impairments, could still partake in gainful employment within the national economy.

## IV. CONCLUSION

Pursuant to 42 U.S.C. § 405(g), and for the foregoing reasons, the Report and Recommendation will be rejected and the Commissioner's objections will be sustained. An appropriate order follows.

### ORDER

**AND NOW,** this **5th** day of **March, 2008,** and after review of the Report and Recommendation of United States Magistrate Judge Peter Scuderi (doc. no. 11), the Commissioner's Objections thereto (doc. no. 13), and the Plaintiff's response to Commissioner's objections (doc. no. 14), it is hereby **ORDERED** for the reasons provided in the accompanying memorandum that:

1. The objections to the Report and Recommendation are **SUSTAINED;**
2. The Report and Recommendation is **REJECTED;**
3. The findings of the Administrative Law Judge are **AFFIRMED** and;
4. The case is marked closed.

**AND IT IS SO ORDERED.**